## BEAUDRY v. UNITED STATES.
### No. 7852.

Circuit Court of Appeals, Fifth Circuit.

Oct. 29, 1935.

R. Emerson Gardner, of Atlanta, Ga., for appellant.

I. K. Hay and J. E. Mundy, Asst. U. S. Attys., both of Atlanta, Ga., for the United States.

Before SIBLEY and WALKER, Circuit Judges, and HOLMES, District Judge.

SIBLEY, Circuit Judge.

A libel to forfeit under Rev. St. § 3450 (26 USCA §§ 1156, 1441) an automobile seized on March 12, 1935, while in use by one Karr in the removal and for the deposit and concealment of 124 gallons of tax unpaid distilled spirits with intent to defraud the United States of the tax, was met by a claim by appellant, Beaudry, in which he alleged: "On Feb. 28, 1935, possession of the aforesaid automobile was obtained from claimant upon the forged signature of E. E. Harper, Villa Rica, Ga.; that the automobile was surrendered to the party obtaining possession of the same upon the belief that the signature of the said E. E. Harper to the title retention contract executed in favor of claimant at the time of the delivery of the car was the genuine and authorized signature of said E. E. Harper; that the said automobile was obtained from him under and by means of the fraud aforesaid, and that he has never parted with title to said automobile and is now the true and lawful owner thereof; that if the automobile has been used in contravention of the laws of the United States it has been used without the knowledge or consent of claimant." On the trial no evidence was introduced, but the claimant admitted the allegations of the libel and the United States admitted the quoted allegations of the claim, whereupon a verdict of condemnation was directed. The points urged are that possession of the car having been obtained by a fraud, the innocent owner is not bound by its illegal use; and if the statute be construed otherwise, it denies due process of law contrary to the Fourteenth Amendment.

In J. W. Goldsmith, Jr.-Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 191, 65 L. Ed. 376, the facts were like the present facts except that the possession of the car was not gotten from the selling owner by fraud. It was there held that the innocence of the owner was no defense against forfeiture. It was said: "The thing is primarily considered the offender. * * * It is the illegal use that is the material consideration, it is that which works the forfeiture, the guilt or innocence of its owner being accidental." Though this result was admitted to be contrary to natural justice, in view of the ancient and widespread application of the principle of a guilty res, it was not thought to deny due process. A like view prevailed in United States v. One Ford Coupé Auto-

mobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, although the point mainly discussed was the effect on section 3450, Rev. St. (26 USCA §§ 1156, 1441), of the National Prohibition Act (27 USCA). This court has regarded the constitutionality of section 3450 thus interpreted as settled. United States v. Mincey (C. C. A.) 254 F. 287, 5 A. L. R. 211; General Finance Co. v. United States (C. C. A.) 45 F.(2d) 380. In the J. W. Goldsmith, Jr.-Grant Co. Case, however, opinion was reserved "as to whether the section can be extended to property stolen from the owner or otherwise taken from him without his privity or consent." A car, possession of which was taken by trespass or theft, was held not forfeitable in United States v. One Buick Roadster (D. C.) 280 F. 517. And compare United States v. One Saxon Automobile (C. C. A.) 257 F. 251. Whatever may be true in a case of theft or trespass, where possession and the right to control the offending res is voluntarily delivered by its owner to the person who illegally uses it, the power of government to forfeit is to be upheld. The contention is here made that possession and control were obtained by Karr by a fraud, which nullified the owner's consent and made the possession equal to one gotten by trespass or theft. We do not think the conclusion follows. The meager facts agreed to do not disclose just what took place. We understand that Karr pretended that he was Harper and bought the automobile from Beaudry at least partly on credit and gave as security a title retention contract in Harper's name. Whether he paid any cash down is not stated. If Harper was a real person having credit with Beaudry, and not a mere name assumed by Karr, this was a fraud; but the contract was not ipso facto void, but only voidable at the election of Beaudry who could, on learning of the deceit, rescind by promptly so announcing and returning what he had received. Georgia Code of 1910, § 4305. He might, if he preferred, keep what he had received along with the security taken, and Karr would be as much bound as if he had signed his true name. There is no proof that the sale had been thus rescinded and restoration of possession called for before the act of forfeiture occurred. The admitted allegation that claimant never parted with the title to the automobile need mean only that title was retained in the sale, and the allegation that claimant is now the true and lawful owner seems to be a mere conclusion of the pleader, but if taken to imply a rescission before filing the claim, it does not cover the date of the illegal use. The burden of escaping a forfeiture by showing extraordinary circumstances was on the claimant, and we think sufficient defensive circumstances have not been shown. Consent to Karr's possession and control was given by Beaudry; and though because of misrepresentation it might have been withdrawn, until effectually withdrawn Beaudry must be held bound by Karr's dealings with the automobile.

Judgment affirmed.