## UNITED STATES v. ONE CHEVROLET TRUCK, 1934 MODEL, MOTOR NO. T–4,027,303.

### No. 7761.

Circuit Court of Appeals, Fifth Circuit.

Nov. 5, 1935.

652

H. T. Nichols, Sp. Atty., Department of Justice, and M. Neil Andrews, Asst. U. S. Atty., both of Atlanta, Ga., for the United States.

Before SIBLEY and WALKER, Circuit Judges, and HOLMES, District Judge.

WALKER, Circuit Judge.

By libel forfeiture was sought under R. S. § 3450 (26 USCA §§ 1156, 1441) of a Chevrolet truck seized on March 6, 1934, in the Northern District of Georgia, while in use by one Paul East in the removal and for the deposit and concealment of 1,000 gallons of tax unpaid distilled spirits with intent to defraud the United States of the tax thereon. The claimant, the seller in Florida of the truck under a title retention contract under which a balance of $775.70 of the price of the truck was still owing to the seller, successfully resisted the forfeiture, on the ground that, without claimant's consent, said truck was removed from the county in which said contract was executed, in violation of a Florida statute (Compiled General Laws of Florida, 1927, §§ 7316, 7318), making it a criminal offense for any one to remove from the county where such a contract was executed, without the consent of the party retaining the title, any personal property in his possession subject to such a contract under which title is retained by the vendor; and the libel was dismissed.

■ The innocence of the claimant, the holder of the title to the truck, is not a defense against its forfeiture. Goldsmith Jr.-Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376; United States v. Mincey (C. C. A.) 254 F. 287, 5 A. L. R. 211; Ernest G. Beaudry v. United States (C. C. A.) 79 F.(2d) 650. The facts of the instant case do not raise the question whether the statute can be extended to property stolen from the owner or otherwise taken from him without his privity or consent. It appears from the record that the claimant, upon the execution of the title retention contract and the payment of $250 of the purchase price, put the buyer in possession of the truck; and it further appears that the buyer of the truck stated in writing: "I intrusted the custody of this truck to Jesse Paul East to transport fruit and vegetables only, and not to use it in any way in violation of the laws of the United States or of any State, or contrary to the terms and conditions of the Retain Title Contract which I executed and presume that you now have and hold."

The Florida statute referred to, as authoritatively construed, does not forbid trips beyond the county in which the sale of property, the subject of a retention of title contract, was made. The statute was intended to restrict the situs of the property, not its reasonable use. It did not forbid the use of the truck in a temporary trip beyond the county in which it was sold. Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878; Pope v. State, 94 Fla. 254, 113 So. 629. It did not appear that the person in possession of the truck when it was seized intended to change its situs, or that a change of its Florida situs had, or would have, resulted from the making of the trip which was in progress when the seizure was made. It appeared that the seller of the truck, the claimant, voluntarily delivered the truck to the buyer, the latter thereby acquiring the right to use the truck, and that the buyer voluntarily delivered the truck for use to the person who was illegally using it when it was seized. This being so, the power of the government to forfeit the truck because of such illegal use is to be upheld, though the claimant and the buyer of the truck were without notice of the forbidden use. Goldsmith Jr.-Grant Co. v. United States, supra; Ernest G. Beaudry v. United States, supra.

■ Furthermore, even if the use which was being made of the truck at the time it was seized was violative of a state statute, that fact would not have the effect of rendering the truck immune from forfeiture because of the alleged violation of a United States statute. That statute, being a law of the United States made in pursuance of the Constitution of the United States, under a provision of that instru-

ment (article 6, cl. 2), was a supreme law of the land, anything in the laws of any state to the contrary notwithstanding. Tennessee v. Davis, 100 U. S. 257, 266, 25 L. Ed. 648; Olmstead v. United States, 277 U. S. 438, 468, 469, 48 S. Ct. 564, 72 L. Ed. 944, 66 A. L. R. 376.

The ruling under consideration was erroneous. The judgment is reversed.