794

## BUSIC v. UNITED STATES.
### No. 5354.

Circuit Court of Appeals, Fourth Circuit.
May 10, 1945.

Eugene Trivette and Kyle Hayes, both of North Wilkesboro, N. C. (J. E. Holshouser, of Boone, N. C., on the brief), for appellant.

Robert S. McNeill, Asst. U. S. Atty., of Greensboro, N. C. (Carlisle W. Higgins, U. S. Atty., of Greensboro, N. C., and Donald B. Anderson, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from a judgment entered in an action of libel filed by the United States of America, in the District Court of the United States for the Middle District of North Carolina, brought for the purpose of condemning and forfeiting a certain automobile. The appellant, Ben Busic, as claimant of the automobile filed an answer to the libel and the cause was heard by the judge without a jury. Evidence was taken and in January, 1945, the court below rendered a judgment forfeiting and condemning the said automobile and an order was entered to that effect. From this action of the court below the claimant brought this appeal.

There is no dispute as to the facts. The claimant, Busic, was owner of the Busic Cab Company of North Wilkesboro, North Carolina, and operated several taxicabs one of which was the Ford automobile here in question. One Mayford Johnson was a regular employee of the claimant and operated the said automobile as a taxicab. Johnson was operating the said taxicab on November 4, 1944, when two colored men hired it and while in it they requested the driver to get them some whiskey at a service station located about two miles from the town of North Wilkesboro. Johnson took the two men to the service station and went in and bought for his passengers two one-half pints of whiskey and each of the colored men put one-half pint of whiskey inside his shirt. The Government officers, agents of the Alcoholic Tax Unit,

who had been watching the filling station as a place suspected of dealing in non-tax-paid liquors stopped the automobile as it left the filling station and took the whiskey off the persons of the two negroes. Later the same day, Johnson, the driver, was arrested and the automobile seized by the federal officers and this proceeding was instituted under section 3450, Rev.St. as modified by section 3321, 26 U.S.C.A. Int. Rev.Code. The claim for remission of the forfeiture is made by the claimant under Title 18, Section 646, U.S.C.A.

Two questions are involved: First, whether there was sufficient evidence to justify the finding of the judge forfeiting the automobile; second, whether the judge should have remitted the forfeiture.

■ On the first question, under the admitted facts, we are of the opinion that there was sufficient evidence to justify the finding of the judge below. It is well settled that a vehicle used for concealing or removing intoxicating liquor upon which the tax has not been paid is subject to forfeiture. In the case of United States v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 157, 71 L.Ed. 279, 47 A.L.R. 1025, the court says:

"Under section 3450, it is not essential that the offender must have been either the manufacturer or importer of the liquor or a person directly associated with him. The government may look for payment also to the liquor itself and to whoever has possession of it. Nor does the language of section 3450, or its history, indicate that Congress intended to limit the proceeding under that section to cases where the vehicle was used for deposit or concealment as part of the illegal act of removal, or to make it applicable only where the article concealed had been unlawfully removed from the place where the tax should have been paid. If the intent to defraud the United States of the tax is established by any competent evidence, a use of the vehicle for the purpose of concealment satisfies the requirement of section 3450, even if it appears ·that the offender obtained it, not from a distillery, bonded warehouse, or importer, but from a stranger."

The innocence of the owner of the car as to its illegal use is no defense to forfeiture as the action is against the car and not the individual. United States v. One Chevrolet Truck, 5 Cir., 79 F.2d 651; United States v. One International Trailer Unit and Trailer, D.C., 36 F.Supp. 845.

■ The intent to defraud the United States of the tax may be inferred as a matter of circumstantial evidence from the facts. One 1941 Ford ½-Ton Pickup Automobile Truck v. United States, 6 Cir., 140 F.2d 255; United States v. One Packard Roadster Automobile, D.C., 29 F.2d 424; General Motors Acceptance Corporation v. United States, 8 Cir., 32 F.2d 121.

In the case of United States v. One Marmon Automobile, D.C., 5 F.2d 113, 115, the court said:

" * * * The specific intent to defraud may, however, be shown, and generally must be shown by circumstances. 12 Cyc. 152, 153, 179, 180. Where the natural and probable result of the acts intentionally done is to defraud, an intent to defraud is to be presumed; but the presumption may be rebutted by showing the actual absence of such intent."

In this connection the court below found as follows, "that said vehicle was engaged in the deposit, concealment and removal of distilled spirits within the meaning of Section 3450 of the Internal Revenue Law [Rev.St.]." The court below found as a conclusion of law that the said motor vehicle was engaged in the violation of the Internal Revenue Law and therefore forfeitable. We are unable to hold that this finding was clearly wrong.

■■ On the second question the Government contends that no proper petition for remission of the forfeiture was filed by the claimant but we are of the opinion that the answer of the claimant filed in the forfeiture suit could properly be treated as a petition for remission if the trial judge saw fit to do so. But even then the question of remitting the forfeiture as provided under Title 18, sec. 646, U.S.C.A., was one within the discretion of the trial judge who in this case refused to remit the forfeiture and we can find no grounds for holding that in so doing he abused his discretion. The Judge heard the witnesses; was familiar with all the circumstances of the case and decided to enforce the forfeiture. Under the circumstances we cannot interfere with his judgment in the matter. The action of the court below is accordingly approved and the judgment is affirmed.

Affirmed.