## UNITED STATES v. ONE 1942 DE SOTO COACH, MOTOR NO. S10-5192, ETC.
### No. 5089.

District Court, E. D. Missouri, E. D.
May 5, 1947.

Harry A. Blanton, U. S. Atty., of Sikeston, Mo., and Arthur A. Hapke, Asst. U.S. Atty., of St. Louis, Mo., for libelant.

Greensfelder, Hemker & Wiese, of St. Louis, Mo., for Farmers Nat. Bank of Cushing, Oklahoma, intervening petitioner.

HULEN, District Judge.

Melvin A. Long, while driving a car owned by him containing a quantity of intoxicating liquor, was arrested on December 4, 1946, in Missouri for violating Section 223, Title 27 U.S.C.A., governing the offense and providing penalties for the importation of intoxicating liquor into states where the sale thereof is prohibited. The circumstances surrounding the arrest formed the basis of prosecution and plea of guilty by Long to a criminal charge under said Act. Libel proceedings (Title 27 U.S.C.A. § 224) against the automobile and liquor contents were filed. Farmers National Bank of Cushing, Oklahoma, presses an interplea seeking remission of the forfeiture of the automobile only (18 U.S.C.A. § 646) * based on a chattel mortgage pledging the automobile as security for a loan made by the bank to Long August 26, 1946. Trial of the libel and interplea of the Farmers National Bank of Cushing resolved itself into one

---

* "(b) In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

issue: Was there substantial evidence that Long at and prior to execution of the mortgage had "a record or reputation for violating laws of the United States or of any State relating to [intoxicating] liquor"? This question is now before the Court for ruling.

It is the position of the Government that there is substantial evidence to support its charge that Long, on and prior to August 26, 1946, had a record or reputation for violating laws of the United States relating to intoxicating liquor. This position the interpleader challenges. On proof of such reputation, remission of the forfeiture is prohibited unless inquiry by the interpleader was made as required by the Act. The interpleader does not claim to have made any inquiry, at any time, "at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer * * of the locality in which" Long resided, or of any other person, as to the record or reputation of Long. The Government offered as witnesses the Sheriff and Deputy Sheriff of Payne County, Oklahoma; the Chief of Police and Sergeant of Police of Cushing, Oklahoma; and the Secretary-Manager of Retail Merchants Credit Association, who is also Justice of the Peace in Cushing. Cushing is in Payne County, Oklahoma. Each testified the reputation of Long for violating the laws of the United States and the State of Oklahoma relating to intoxicating liquor in Payne County and Cushing was bad. There was also evidence that a search warrant had been issued on March 17, 1945, and three search warrants issued on March 19, 1945, to search the automobile then being used by Long, and also the premises where Long resided in Cushing. Records of the issuance of these search warrants were kept in the office of H. B. Strong, Justice of the Peace, in Cushing.

On cross-examination it was developed that the Deputy Sheriff of Payne County was the principal source of information on which the other witnesses based their opinion that Long had a reputation for violating the liquor laws. This witness testified that a number of people had informed him of the purchase of liquor in Cushing from Long. Long was never apprehended in the possession of intoxicating liquor prior to the instant case.

Interpleader insists that reputation must be established by what the people of the community in general believe and proof from police officers alone does not satisfy the requirement of the law. There are cases to that effect. Then there are cases holding that the statute restricts reputation to the opinion of police officers.

■ We are not in accord with the authorities that would confine proof of reputation in this type of case to any particular class. Reputation in our judgment, as the term is used in the law, means exactly that, less any restriction or condition. Had Congress desired to restrict or qualify the term, as to how proof was to be made, they would have used apt terms to do so. They did not. It is used in the sense in which the term is commonly understood. Reputation may be shown by police officers. Interstate Securities Co. v. United States, 10 Cir., 1945, 151 F.2d 224; United States v. One 1939 Model DeSoto Coupe, etc., 10 Cir., 1941, 119 F.2d 516; United States v. Ford Truck, etc., 3 Cir., 1940, 115 F.2d 864; United States v. One 1940 Ford Coach Automobile, etc., D.C.Ky., 1942, 43 F.Supp. 593.

The cases expressly so hold. Reputation in any class of case may be shown by police officers. Reputation may be shown by witnesses who are not police officers. If this case were submitted to a jury they would pass on the credibility of the witnesses and weight to be given their testimony. A jury not being asked, that responsibility passes to the Judge. Because a police officer says a man has a bad reputation does not make it conclusive any more than if any other citizen so testified. It still remains for the trier of the fact question to determine what weight will be accorded the opinion and credibility accorded the witness.

Reputation for violation of liquor laws having been established, in the customary way, the law prohibits remission of the forfeiture unless the evidence further shows inquiry was made of the designated persons and they informed interpleader (or his agent) that such "person had no such record or reputation".

Under the mechanics of the statute a person could have a reputation for violating the liquor laws, but if such reputation did not prevail with the officers named in the statute and inquiry was made, remission would be authorized. In this case the reputation of Long for violating the liquor laws was shown by testimony of law-enforcement officers.

Police officers come into possession of information that places them in a good position to pass on the reputation of local characters in a city the size of Cushing (approximately 8,500) with respect to violations of the law. Search warrants are not issued indiscriminately. They must be based upon probable cause. The opinion of the officers had a basis in the reports from citizens that they had made purchases of liquor from Long. That Long was engaged in violations of the law relating to intoxicating liquor and had earned the reputation which he had among the police officers is evidenced to some extent by his subsequent arrest in the instant case; also by his conversation with one of the officers after his arrest that he had quit the business. The president of interpleader bank was not able to state what Long's occupation was when he made him the loan. The opinion of the police officers had a broader foundation than mere suspicion. Undoubtedly had a representative of the interpleader made inquiry at the time the mortgage was executed of any of the persons named in the statute, information would have been forthcoming as to Long's bad reputation, as involved in this case.

■ There is substantial evidence to support the Government's claim—and there is none to the contrary—that Long had a reputation for violating laws of the United States and the State of Oklahoma relating to intoxicating liquor prior to the execution of the mortgage, and no inquiry having been made as provided by the statute by representatives or agents of the interpleader, this Court has no discretion or power to remit the seizure and forfeiture of the automobile. The interpleader's claim must be and is denied. United States v. One 1939 Model De Soto Coupe, etc., 3 Cir., 1941, 119 F.2d 516; United States v. McArthur, 5 Cir., 1941, 117 F.2d 343; United States

v. O'Dea Finance Co., 8 Cir., 1940, 111 F.2d 358; United States v. One Hudson Coupe, etc., 4 Cir., 1940, 110 F.2d 300.

The Government will submit findings of fact, conclusions of law, and order, accordingly.