## ONE 1941 OLDSMOBILE SEDAN v. UNITED STATES.

### No. 11843.

Circuit Court of Appeals, Fifth Circuit.
May 7, 1947.

J. F. Kemp and J. M. Johnson, both of Atlanta, Ga., for appellant.

J. Ellis Mundy, U. S. Atty., and Jas. T. Manning, Asst. U. S. Atty., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

LEE, Circuit Judge.

In a libel of information filed to procure the forfeiture of one 1941 Oldsmobile sedan, the United States alleged that on the 13th day of February, 1946, large quantities of whiskey had been unlawfully possessed, concealed, removed, and deposited in the described vehicle and that the car was used by Roy Oliver Cantrell and William Rowie Chandler to deposit and remove two and one-half gallons of non-tax-paid whiskey with intent to defraud the United States of the tax due on the distilled spirits, and also used for removing, depositing, and concealing two gallons of syrup intended to be used in the manufacture of distilled spirits on which the tax would not be paid, with intent to defraud the United States.

On March 14, 1946, the marshal, under a warrant of seizure and monition, took custody of the property.

A. L. Gregg, appearing in a verified pleading, alleged that he was the true and bona fide owner of the automobile and that the automobile was not guilty as charged.

Counsel for claimant in his opening statement to the jury stated that he expected to prove that Roy O. Cantrell, the driver of the automobile at the time of the alleged violation, took or appropriated the Oldsmobile without the knowledge or consent of the claimant; that claimant did not consent to the use of the automobile by Cantrell and had no knowledge that Cantrell was going to use it for any purpose; that the claimant was not connected in any way with the illegal whiskey; and that, whatever Cantrell did with the car, claimant was in no way guilty of it and had no knowledge of its illegal use. Counsel for the Government interposed an objection to this statement and contended that such evidence was inadmissible on the condemnation proceeding and was premature, for such evidence, if admissible at all, could only be introduced in a proceeding for the remission of the forfeiture of the automobile. The court excluded the evidence and instructed the jury: "I assume the jury will understand from the ruling of the court that they are not concerned with the question of how the car was acquired, but will confine their consideration to the use of the car, as would be developed, and as you will be instructed later on by the court. The point for your consideration is the use of the car, whether the car was used illegally or not."

At the trial Kellett, a federal officer, testified that at about one forty-five on the morning of February 13, 1946, he and two other federal officers noticed the automobile with one door open in the public road; that one Chandler was driving the car, and one Cantrell was in the car with Chandler; that, as Kellett's car approached to within thirty steps of the automobile, Kellett saw a man jump out of the car with a jug in his hand and pitch it up on the road embankment; that the jug had a quart of non-tax-paid whiskey in it; that Kellett found, in a sack on the bank, four half-gallon glass jugs of non-tax-paid whiskey; that upon searching the automobile the officers found two one-gallon cans of syrup in the trunk of the automobile; and that, because of the sugar shortage, syrup was used in the manufacture of whiskey.

Bishop, another federal officer accompanying Kellett, testified that, when they drove up behind the car, Chandler threw part of a jug of whiskey out of the right side over the side of the road; he was standing by the side of the car when he threw it. The right door of the car was open; he had opened it when he threw the whiskey out.

Kemp, the third federal officer, testified that he didn't see Chandler throw out the two-and-a-half gallons of liquor and that he didn't know who put it there or how long it had been there.

Upon calling A. L. Gregg, the claimant, as a witness, his attorney stated: "* * * we expect to prove and offer to prove by the claimant that Roy O. Cantrell took this Oldsmobile without the knowledge or consent of the claimant and that Cantrell used the automobile in going down to his home and that he stopped the automobile near by where this liquor was found, and that Mr. Gregg did not consent to the use of the automobile by Cantrell and had no knowledge that Cantrell was going to use it and that the automobile was taken by Cantrell without the knowledge or consent of the claimant; that the claimant was not connected in any way with the illegal whiskey and that whatever Cantrell did with the car the claimant was in no way guilty of it and had no guilty knowledge of its illegal use."

The court refused to accept the testimony.

A. L. Gregg then testified: that the automobile sought to be condemned was his automobile; that he had bought five gallons of ribbon-cane syrup and that he was taking it out of the car as he used it; that the syrup was too good for liquor-making purposes; that the whiskey was not his and he didn't know anything about the whiskey being in his car; *that he reported the car stolen* after he had heard it was caught.

Chandler testified that Cantrell stopped to pick up Chandler; that he directed Cantrell to where whiskey was located so that they could stop for a drink; and that, when the federal officers approached them, he dropped the whiskey he had located on the bank before he took it to the car.

At the end of the testimony, claimant renewed his motion for a directed verdict on the ground that the evidence was insufficient to show the car was guilty of removing or depositing or concealing any liquor.

The motion was overruled and the court charged the jury, in part:

"So that, Gentlemen of the Jury, the real question for your determination, as a matter of fact in this case, is, first, whether the automobile in question, and as charged by the Government, was used for the removal, deposit or concealment of, one, either syrup, which was proper and intended to be used in the making of whiskey— and you will notice the intended to be used because, of course, syrup is a legitimate article of commerce, and the mere possession of it by a car, or the depositing in a car of syrup for legitimate purpose, and not any purpose other than intended to be used in the manufacture of whiskey with intent to defraud, to avoid the tax would not be illegal.

"Then, you would also consider, as a matter of fact, whether the automobile in question was used in the removal, or deposit, or concealment of some two and a fourth gallons of distilled spirits as charged in the libel, two and a half gallons of non tax paid whiskey, with intent to defraud the United States of the tax.

\* \* \* \* \* \*

"Now, if you believe in this case—I will say this, too, Gentlemen of the Jury, that if you, if the jury did not believe that *the Government had shown* that this car had been used in the, for the removal, deposit or concealment of this whiskey, that this syrup, *there wouldn't be enough case here to authorize a fact verdict by the Jury merely because of two gallons of syrup.* So I think you will probably want to determine in this case *the question of whiskey,* and in determining that, you would be entitled to consider all of the evidence in the case, and then determine, give such weight as you wish to the question of the syrup, but if you don't believe this whiskey had ever been in this car, or that the Government hasn't shown you that, why the syrup in and of itself would not be suffi-

cient to authorize a verdict without being connected with the whiskey in question." [Emphasis added.]

Upon a verdict holding the automobile guilty as charged, judgment was entered forfeiting the automobile to the United States. This appeal is from that judgment.

On this appeal the claimant argues:

(1) The court erred in refusing to permit claimant to interpose the defense that his automobile was taken from him and used without his knowledge or consent.

(2) The evidence does not sufficiently show guilt of the automobile.

Title 26 U.S.C.A., Int.Rev.Code, § 3321 (a) and (b) (3) provides:

"(a) Every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine of not more than $5,000 or be imprisoned for not more than 3 years, or both." .

"(b) \* \* \* (3) Every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

Title 18 U.S.C.A., § 646 (a) and (b) provides:

"(a) Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture.

"(b) In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out

of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."[1]

 The United States argues that the court below properly excluded evidence offered to show that claimant's automobile had been stolen from him because the innocence of the owner did not affect the guilt of the automobile. We disagree with this line of thought. The Supreme Court has not passed upon the question whether the stealing of the automobile from its owner is a defense against forfeiture under section 3321. See J. W. Goldsmith, Jr., Grant Co. v. United States, 1920, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376.

The relief afforded by section 646 does not provide for remission of forfeiture under the instant facts. It provides for remission only (1) where the owner-claimant entrusts the automobile to another without any knowledge or reason to believe that the person entrusted would violate a federal or state liquor law, (sec. 646 (b) (2); and (2) where the lienor-claimant acquires his interest in the automobile after the lienor makes certain investigations concerning the lienee's record or reputation for violation of any federal or state liquor law (sec. 646 (b) (3). The requirement that the owner-claimant have no knowledge or reason to believe that the automobile would be used in violation of liquor laws is wholly inconsistent with theft. It is consistent only with entrustment in the absence of negligence.[2]

Statutory provisions providing forfeiture generally imply the defense of stolen property. The reasons are well set out by the Fourth Circuit in these words:[3]

"No doubt has ever existed of the power of Congress to impose the penalty of forfeiture on property used to defeat the revenue laws, without respect to the guilt of the owner or his knowledge of the unlawful use. Such a statute for the raising of revenue, even when containing provisions of a highly penal nature, is still to be construed as a whole, and in a fair and reasonable manner, and not strictly in favor of a claimant. United States v. [Eighty-Four Boxes of] Sugar, 7 Pet. 453, 8 L.Ed. 745; United States v. Stowell, 133 U.S. 1, 10 S.

---

[1] In U. S. v. One 1936 Model Ford V-8, Deluxe Coach, 1939, 307 U.S. 219, at pages 234, 235, and 236, 59 S.Ct. 861, at page 868, 83 L.Ed. 1249, the Supreme Court says concerning subsection (b) (3):

"A rearrangement of the words of subsection (b) (3) will enlighten its meaning—

" 'The court shall not allow the [request]—claim—of any claimant for remission or mitigation, if it appears that the interest asserted by [him]—the claimant—arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any States relating to liquor has a right with respect to such vehicle or aircraft, *unless and until* he [the claimant] proves that before [he]

—such claimant—acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, [he]—the claimant—his officer or agent, was informed in answer to his inquiry, at [certain headquarters specified in the alternative] as to the character or financial standing of such other person, that such other person had no such record or reputation.' "

[2] United States v. One 1936 Model Ford V-8, De Luxe Coach, Commercial Credit Co., Claimant, 1939, 307 U.S. 219, 226, 59 S.Ct. 861, 83 L.Ed. 1249: "If any claimant has been negligent or in good conscience ought not to be relieved, the court should deny his application."

[3] United States v. One Saxon Automobile, 4 Cir., 1919, 257 F. 251, 252.

Ct. 244; 33 L.Ed. 555; United States v. [A.] Graf Distilling Co., 208 U.S. 198, 28 S.Ct. 264, 52 L.Ed. 452. A strong consideration against any forced construction of the statute to meet the hardship of a particular case is that the law provides for relief from the forfeiture in proper cases by an executive official, and courts should always indulge the presumption that his discretion will be wisely and justly exercised. Nevertheless, if the inference of intention to exempt from forfeiture the property of an innocent owner can be drawn by any reasonable and fair construction of the language of the statute, that construction will be adopted.

"This rule of construction has been extended without dissent to protect the innocent owner of property from forfeiture, even when provided by a statute which expresses no limitation or exemption of any kind, where the property has been taken by a trespasser or a thief, or the owner has been deprived of the possession by forces of nature beyond his control. This is for the reason that no right of possession or custody can be acquired by or from a trespasser or thief, or by virtue of the forces of nature against the will of the owner. In such case, the owner of the property has never in a legal sense parted with any right of custody or possession, and hence no statute can operate against his title by reason of the use or custody or possession of the thief or trespasser, or his deprivation of it by the forces of nature. This reasoning obviously does not apply when the owner voluntarily parts with his possession and intrusts his ship or vehicle to another, for in that case the owner is charged with knowledge that the person to whom he has relinquished possession, or some one acquiring the possession from him, may so use the property as to defeat the collection of the revenue, and thus bring it under the condemnation of forfeiture. While the principle is not elaborated, this we think was the distinction in the mind of Chief Justice Marshall in Peisch v. Ware, 4 Cranch 347, 2 L.Ed. 643. The principle was applied in holding that all previous liens on vessels are overriden by forfeiture in prize cases; the court saying, if it were otherwise, shipowners could in all cases defeat forfeiture by giving mortgages on their ships. The Hampton, 5 Wall. 372, 18 L.Ed. 659; The Battle, 6 Wall. 498, 18 L.Ed. 933; The Siren, 7 Wall. 152, 19 L. Ed. 129."

In Peisch et al. v. Ware et al., 1808, 8 U.S. 347, 4 Cranch 347, 2 L.Ed. 643, cited by the Fourth Circuit, the owner of certain goods salvaged by another sought to defend against the forfeiture of the goods imported into the United States without the owner's consent. The collector sought forfeiture because they were *removed* before the import duties were paid. Marshall, C. J., said:

"The court is also of opinion, that *the removal for which the act punishes the owner with a forfeiture of the goods must be made with his consent or connivance, or with that of some person employed or trusted by him.* If, by private theft, or open robbery, without any fault on his part, his property should be invaded, while in the custody of the officer of the revenue, the law cannot be understood to punish him with the forfeiture of that property. In the 52d section, therefore, to which the revenue officers seem to have intended to conform, so far as the case would admit, which directs them in the case of an incomplete entry to store the goods at the risk and expense of the owner or consignee, no forfeiture is annexed to their removal, unless the penalties of the 51st section, or of the 43d section, be applied to the 52d.

"The court is of opinion that those penalties cannot be so applied in this case, not only because, from the whole tenor of the law, its provisions appear not to be adapted to goods saved from a vessel under the circumstances in which the *Favourite* was found, but because, also the law is not understood to forfeit the property of owners or consignees, *on account of the misconduct of mere strangers, over whom such owners or consignees could have no control.*" [Emphasis added.]

Busic v. United States, 4 Cir., 1945, 149 F.2d 794, and United States v. One Chevrolet Truck, 5 Cir. 79 F.2d 651, cited therein are not to the contrary because they involve cases where the owner entrusted his

car to the person guilty under the revenue acts.

United States v. Almeida, 1 Cir., 1925, 9 F.2d 15, held that an automobile *used by a trespasser* to smuggle goods into the United States could not be forfeited against the claim of the owner. The case arose, and was considered, under other statutes, but the court remarked that the statutes involved were similar to section 3450 of the Revised Statutes, now 26 U.S.C.A. Int.Rev. Code, § 3321, the statute involved in the instant case.

The United States on this appeal objects to the interposition of the defense that claimant's car was stolen, on the theory that claimant did not plead this defense.[4] When the United States failed to object to the introduction of the testimony on that ground, it impliedly consented that the parties should treat the pleading as amended to include the defense. On retrial the claimant may move to amend the pleading.

While we believe the claimant should be entitled to the defense that his automobile was stolen or taken and used without his knowledge or consent, we also believe the evidence in the record insufficient to carry the question of the guilt of the automobile to the jury. If the United States is unable to present evidence implicating the automobile on retrial, the claimant will be entitled to judgment on a directed verdict.

No evidence exists as to the use of the automobile in the "removal or for the deposit or concealment" of the non-tax-paid liquor. Testimony by one officer that he saw a man jump out of the car with a jug of liquor in his hand tends to show possession of the liquor by one who had been in the car, but it fails to implicate the automobile in the removal, deposit, or concealment thereof.[5] "Circumstances equally consistent with several hypotheses prove neither; and the party having the burden must fail." Mutual Life Ins. Co. of N. Y. v. Eleanore M. Hess, 5 Cir., 161 F.2d 1,

citing Pennsylvania R. R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819.

The judgment appealed from is reversed, and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.

McCORD, Circuit Judge (specially concurring).

I am in full accord with the view that the defense that the car was stolen should have been tried, and for this reason I concur in the reversal and remand of the case. I do not agree that the evidence was insufficient to establish guilt of the automobile. I think the evidence on this issue was sufficient to make a case for the jury.

---

[4] 7 Hughes, Federal Practice, sec. 4635, p. 277.

[5] United States v. One Kissel Touring Automobile (San Francisco Securities Corp., Claimant), D.C., 289 F. 120, aff'd, 9 Cir., 296 F. 688.