## UNITED STATES v. ONE BUICK SUPER DE LUXE CONVERTIBLE SEDAN.

### Civ. A. No. 507.

United States District Court
W. D. Virginia, Roanoke Division.

May 21, 1951.

R. Roy Rush, Asst. U. S. Atty., Roanoke, Va., for the Government.

T. W. Messick and Hunter & Fox, all of Roanoke, Va., for the defendant and claimant.

BARKSDALE, District Judge.

This action having been submitted to the court for its determination without a jury by consent of the parties, upon a stipulation of the evidence, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the court doth hereby find the facts and state separately its conclusions of law as follows:

Findings of Fact.

On December 7, 1950, the Buick Sedan here in controversy was seized while being used by its owner in the removal and concealment of whiskey upon which the tax had not been paid. The forfeiture of the automobile is not contested in this action, the question for determination arising from the petition of Colonial-American National Bank for mitigation and remission of the forfeiture to the extent of its lien. On June 23, 1950, the owner of the automobile, one Stinnette, gave a lien thereon to the Bank, which is now a valid and subsisting lien in the amount of $1,070. The Bank acquired this lien in good faith, and had at no time any knowledge or reason to believe that the automobile was being or would be used in the violation of the laws of the United States or of any state relating to liquor. The interest asserted by the Bank arises out of its lien agreement with Stinnette, the owner, who at the time of the creation of the lien had no *record* of violation of the laws of the United States or any state relating to liquor. On June 23, 1950, the date of the creation of the lien, and for at least some months theretofore, Stinnette, the owner, had the *reputation* of violating the laws of the United States and the State of Virginia relating to liquor. The lien was created in the City of Roanoke, and Stinnette lived in that locality. This reputation of Stinnette was known to Detective Vest of the Roanoke Police Department, who was attached to the office of the Superintendent of Police of that City, to Police Officer Moore, who was attached to the office of said Superintendent of Police, to Detective Britt of the Roanoke Police Department, and to Investigator Elmore of the Alcohol Tax Unit stationed at Roanoke. Stinnette's reputation for violating the liquor laws was not known to Superintendent Bruce, Chief of Police of the City of Roanoke. At and before the creation of the lien, the Bank made its usual credit investigation of Stinnette, who was already known to the Bank, having previously been a customer. The Bank made no inquiry at the headquarters of the Sheriff, Chief of Police, principal Federal Internal Revenue Office, other principal local or federal law enforcement offices of the locality, or any other person, as to whether or not Stinnette had a record or reputation of violating the liquor laws. If such inquiry had been made of Superintendent Bruce, Chief of Roanoke City Police, he would have replied as follows:

"(1) That a person using the name of Edward Gordon Stinnette, who gave the address of Route 3, Box 179, Roanoke, was on July 3, 1949, charged with tampering with an automobile, petty larceny and disorderly conduct. He was convicted at that time of disorderly conduct and fined $10.00. The other two charges were dismissed.

"(2) That a person who gave the same name and the same address was charged on September 16, 1947, with disorderly conduct and the charge was dismissed.

"(3) That I otherwise had never heard of the man and knew nothing about him or his reputation."

Conclusions of Law.

Upon the facts found, my conclusions of law are as follows:

The applicable statute is 18 U.S.C.A. § 3617. This section provides that the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves that he has complied with the three conditions of the statute. These conditions are in the conjunctive. There seems to be no question here but that the claimant complied with the first two conditions. There is no question of the Bank's

good faith, and not even any suspicion that it knew or had reason to believe that the automobile in question would be used in the liquor traffic.

However, I conclude that the claimant's petition must be denied by reason of Section (b)(3) of the Act. The proof shows that, at and before the creation of the lien, Stinnette, the owner, while he had no *record* of conviction, nevertheless had the *reputation* as a violator of the liquor laws. By the plain terms of the statute, where the owner, at the time of the creation of the lien, had either a record or reputation of violating the liquor laws, the absolute duty is imposed upon the claimant to make the inquiry prescribed by the statute. Claimant here concedes that it made no inquiry whatever other than the inquiry as to the owner's credit.

Claimant contends that, as the law should not be construed to require a vain thing, and it appearing from his testimony that Superintendent Bruce, Chief of Police, one of the officials named in the statute to whom inquiries might be addressed, testified that he knew of no reputation of Stinnette as a liquor violator, and would have so informed an inquirer on the date the lien was created, it should not be penalized for failing to make the prescribed inquiry of Superintendent Bruce. However, to construe the statute in this fashion would require the reading into it of something which is not there. It would be necessary to add to the language, "any person having a record or reputation", some such additional language as, "known to the Chief of Police." I do not think I would be justified in construing the statute as contended for by petitioner.

There are a number of decisions construing Section (b)(3), and to my mind, none of them supports the contention of the claimant. Illustrative cases are: United States v. C. I. T., 2 Cir., 93 F.2d 469; Universal Credit Co. v. United States, 4 Cir., 111 F.2d 764; United States v. One 1939 Model &c., 10 Cir., 119 F.2d 516; Kinston Auto Finance v. United States, 4 Cir., 182 F.2d 543.

It is therefore my conclusion that, since claimant has failed to comply with the provisions of 18 U.S.C.A. § 3617(b)(3), its petition must be denied. An order will be entered decreeing the forefeiture and denying the petition for mitigation and remission.