## UNITED STATES v. ONE HUDSON HORNET SEDAN.

### Civ. A. No. 284.

United States District Court
W. D. Virginia, Danville Division.

Feb. 5, 1953.

Howard C. Gilmer, Jr., U. S. Atty., and R. Roy Rush, Asst. U. S. Atty., Roanoke, Va., for the Government.

French H. Conway, Clement, Conway & Winston, Danville, Va., for claimant.

BARKSDALE, District Judge.

This action, by stipulation, has been submitted to the court without a jury upon the libel of information, the petition of claimant, Aubrey K. Ferrell, certain stipulated facts, and the written statements of witnesses for both the United States and the petitioner, to be taken as their evidence. I therefore find the facts specially, and state separately my conclusions of law, as follows:

#### Findings of Fact.

Prior to February 8, 1952, the automobile here in controversy was the property of claimant, Aubrey K. Ferrell, a certificate of title having theretofore been issued to him by the Motor Vehicle Commissioner of the Commonwealth of Virginia, and was used as a demonstrator in and about the business of the Ferrell Motor Car Corporation, of which claimant was an officer. On February 8, 1952, a salesman of Ferrell Motor Car Corporation, within the scope of his authority, entered into an agreement with one Eugene B. Mann, Jr., and his wife, for the purchase and sale of said automobile. The purchasers delivered their used

automobile, which had been purchased from the Ferrell Corporation several years before, in lieu of a down payment, and executed a conditional sales contract and an application for credit on forms furnished by Commercial Credit Corporation, and these papers were forwarded from the Ferrell Company's office at Danville to the Roanoke office of Commercial Credit Corporation. The said automobile was delivered to Eugene B. Mann, Jr., and both he and the agent of the Ferrell Company considered that a sale had been made. However, claimant, Aubrey K. Ferrell, was away from home, so that he, the owner of the vehicle, did not endorse "an assignment and warranty of title upon the reverse side of the certificate of title of the motor vehicle, * * *", nor did he "deliver the certificate to the purchaser or transferee at the time of delivering the motor vehicle, * * *", as required by Section 46–84 of the Code of Virginia 1950, so that it was, of course, impossible for Mann to "immediately forward the certificate to the Division" of Motor Vehicles as required by Section 46–85 of the Code.

Eugene B. Mann, Jr., had no record or reputation for violation of either State or Federal laws pertaining to liquor, prior to January 1, 1952. On that date, he went into business with his sister in the operation of a restaurant and filling station known as Bradley's Lunch, at and from which whiskey had been sold illegally for a considerable period of time.

Very soon after January 1, 1952, both Federal and State officers began to receive reports that Eugene B. Mann, Jr., was illegally selling whiskey at Bradley's Lunch. The services of an under-cover agent of the Virginia A. B. C. Board were procured, and on three occasions this agent purchased from Mann at Bradley's Lunch whiskey upon which the federal tax had been paid, in each instance the whiskey at the time of the sale having been procured by Mann from the automobile here in question and delivered to the purchaser. On February 11, 1952, a search was made by State officers under the authority of a state search warrant, and five pints of whiskey upon which the federal tax had been paid, were found in the said automobile. Mann was arrested and the said automobile was seized. On February 27, 1952, Mann entered a plea of guilty in the State court to violation of the Virginia A. B. C. Act in making three separate sales of whiskey. I find as a fact that the said Eugene B. Mann, Jr., was guilty of using the said automobile to facilitate and carry on the business of a retail liquor dealer, and wilfully failed to pay the special federal tax as required by law, and thereby used the said vehicle in violating the Internal Revenue Laws of the United States, to wit, Section 3253 of the Internal Revenue Code, 26 U.S.C.A. § 3253. One Ford, etc., v. United States, 5 Cir., 164 F.2d 1020.

I further find as a fact that prior to January 1, 1952, said Eugene B. Mann, Jr., had no reputation for violating any liquor laws; that thereafter, until February 11, 1952, the said Eugene B. Mann, Jr., did have a reputation for violating the liquor laws, which reputation was known to certain state and federal law enforcement officers, but that he did not have such a reputation which was generally known in the community.

I further find that the said Eugene B. Mann., Jr., had no record of conviction for violation of any liquor law prior to February 27, 1952.

I further find as a fact that the claimant, Aubrey K. Ferrell, has an interest in the said automobile, as owner thereof, which he acquired in good faith, and that he, his salesman Goodson, and everyone else connected with Ferrell Motor Car Corporation, "had at no time any knowledge or reason to believe that it (the said automobile) was being or would be used in the violation of laws of the United States or of any state relating to liquor," after the said automobile was delivered to Eugene B. Mann, Jr., and that it does not appear that the interest asserted by the claimant, Aubrey K. Ferrell, arises out of, or is in any way subject to, any contract or agreement under which any person, having a record or reputation for violating laws of the United States or of any state relating to liquor, has a right with respect to said automobile.

### Conclusions of Law.

Upon the facts as set out above, my conclusions of law are as follows:

 The prayer of the petition filed by the claimant is for relief against forfeiture, and asserts that at the time of the seizure of the automobile, a sale had been consummated, with the balance of the purchase money being secured by a conditional sales contract. I have no doubt that the circumstances require a forfeiture. However, as will presently appear, I am satisfied that the sale had not been consummated and that the claimant occupies the legal status of owner. Therefore, I feel that in the interests of justice I should treat said petition against forfeiture as a petition for remission or mitigation. Busic v. United States, 4 Cir., 149 F.2d 794.

 Section 46–84, Code of Virginia 1950, requires the owner of a motor vehicle, transferring his title thereto, to endorse an assignment and warranty of title upon the reverse side of the certificate and to deliver the certificate to the purchaser at the time of delivering the vehicle. Section 46–85 requires the purchaser to immediately forward the certificate, so endorsed, to the Division of Motor Vehicles. The substantially similar requirements of the original Act of 1926, were construed by the Supreme Court of Appeals of Virginia in Thomas v. Mullins, 153 Va. 383, 149 S.E. 494, 495. There the court held that, notwithstanding an agreement for the sale of an automobile and the payment of the purchase price, if no assignment of title to said automobile had been executed and delivered by the seller to the purchaser, and no notice of transfer had been given as required by the Statute, "then the contract of sale was merely executory and not executed", and the title to the said automobile remained in the seller. With the exception of the fact that the automobile in question here had actually been delivered, a substantially analogous set of facts prevails in the instant case. I therefore conclude as a matter of law that the sale intended to be made here had not been consummated, and that at the time of the seizure of said automobile claimant, Aubrey K. Ferrell, was the owner of said automobile.

Considering the claimant as the owner, and his petition as a petition for remission, it is incumbent upon him to bring himself within the provisions of 18 U.S.C.A. § 3617. The first paragraph of this section simply provides that the court shall have exclusive jurisdiction to remit or mitigate the forfeiture.

"Section (b) *Conditions precedent to remission or mitigation*", is as follows:

"In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

I do not feel any doubt that the claimant satisfies the first two conditions. The Government does not contend that the claimant has not acquired his interest in said automobile in good faith; nor is there any dispute about the fact that claimant and his agents at no time had any knowledge or reason to believe that the said automobile was going to be used by Mann in violation of the laws of the United States or any state relating to liquor.

However, the Government contends that the third paragraph of Section (b) is here applicable, and that, inasmuch as Mann had a reputation as a violator of the liquor laws and the inquiry required by the statute was not made, the claimant is not entitled to remission. In the first place, although I have held, upon a state of facts somewhat like the facts in the instant case, that there was sufficient proof of reputation, United States v. One Buick Super De Luxe, etc., D.C., 97 F.Supp. 516, I should call attention to the following cases which, to my mind, raise serious doubt as to whether or not the evidence in this case is sufficient to prove reputation: United States v. C. I. T. Corp., 2 Cir., 93 F.2d 469; United States v. One Terraplane Sedan, D.C., 23 F.Supp. 710, and United States v. One 1936 Model Ford, etc., 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249. But see United States v. One 1942 De Soto, etc., D.C., 71 F.Supp. 361 contra. However, I do not find it necessary to a decision to pass upon this question.

The Government contends that the statute requires forfeiture where the automobile is detected while being used to defraud the revenue, notwithstanding the innocence of the owner. As to the "forfeitures" in such instances, I agree. J. W. Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376, United States v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, Beaudry v. United States, 5 Cir., 79 F.2d 650, United States v. One Chevrolet, etc., 5 Cir., 79 F.2d 651, and United States v. One 1942 Plymouth Sedan, D.C., 89 F.Supp. 884.

It is interesting to note, however, that it has been held, or at least suggested, that a vehicle may not be forfeited where it was stolen from an innocent owner or taken and used without his knowledge or consent. J. W. Goldsmith, Jr.-Grant Co. v. United States, supra, 254 U.S. at page 512, 41 S.Ct at page 191; One 1941 Oldsmobile Sedan v. United States, 5 Cir., 161 F.2d 348, 353.

After forfeiture, however, the court may still remit or mitigate. Of course, remission or mitigation is not justified in every case where the owner does not actively participate in the illegal use: the matter of remission or mitigation is one for the sound discretion of the court, and should not be granted unless the owner claimant shows that his conduct is above reproach. Busic v. United States, supra; United States v. One 1942 Plymouth, etc., D.C., 89 F.Supp. 884; United States v. One Ford Coach, 4 Cir., 184 F.2d 749.

I am satisfied in this case that the claimant owner acted in good faith, had no reason to suspect an illegal use of the automobile, and is entitled to remission or mitigation up to the full value of the seized automobile. It seems to me that the recent case of United States v. Frank Graham Co., 5 Cir., 199 F.2d 499, supports this conclusion. The facts in that case are very similar to the facts in the instant case, the principal difference being that there, the automobile was loaned by the seller to a customer, while here, the automobile had been delivered to the customer pursuant to an executory contract of sale. There, the customer had a reputation for violating the liquor laws similar to the reputation of Mann in the instant case. The court there held that sub-paragraph 3 of paragraph (b) of the Act was not applicable, and not only was it not error to enter the order of remission, but the appellate court was of the opinion that the entry of such an order was demanded. The decisions in United States v. One 1942 G. M. C., etc., 7 Cir., 182 F.2d 278, and United States v. 1-1941 Ford, etc., D.C., 95 F.Supp. 214, 218, 219, in my opinion, also definitely support this conclusion.

It follows that an order will be entered granting remission or mitigation to the claimant to the full extent of the value of the seized vehicle. The claimant, however, must pay the costs. The United States Attorney will submit an order.