## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Koren C. Berry

v.

Central Carolina
Bank & Trust Co.

October 10, 1997

Case No. 23614

BY JUDGE VERBENA M. ASKEW

The Defendant, Central Carolina Bank & Trust Co. (CCB), filed a Motion for Summary Judgment on June 2, 1997. CCB filed a Memorandum in Support of Motion for Summary Judgment on August 15, 1997. The motion was heard by this Court on August 19, 1997. The Court took the matter under advisement and allowed time for Berry to file a reply brief. CCB was given additional time to respond in kind. For the reasons stated below, the Court denies CCB's Motion for Summary Judgment.

### Background

The Plaintiff, Koren C. Berry, entered into an agreement with Donald Tumioli on March 18, 1996, for the purchase of a 1993 GMC Safari van.

Tumioli had purchased the automobile on August 23, 1995, and had it registered in the State of Georgia. CCB provided Tumioli with purchase money financing in exchange for Tumioli's promise to repay CCB and to grant CCB a security interest in the automobile. CCB's security interest was perfected by notation of the lien on the Certificate of Title issued by the State of Georgia. The Certificate of Title, indicating CCB's perfected lien interest, was returned to CCB.

Berry took possession of the automobile from Tumioli in late March 1996. Berry never obtained a Certificate of Title from Tumioli. She retained possession of the automobile for approximately sixty days without obtaining a Certificate of Title from either Virginia or Georgia. After that time, Berry told CCB that she had possession of the automobile and requested the Certificate of Title be released.

CCB advised Berry that it had a perfected security interest in the automobile and that the outstanding balance totaled $12,064.00. Subsequently, Berry contacted CCB with an offer to purchase CCB's interest in the automobile for $4,000.00. CCB rejected Berry's offer. Berry made the same offer at a later time which CCB rejected again.

CCB took possession of the automobile on June 7, 1996, using information obtained from Berry. The automobile was transported to North Carolina, and Tumioli, as debtor, was given written notice of CCB's intention to conduct a public sale of the automobile. A Notice of Public Sale also was posted. The automobile was sold at public auction on July 11, 1996, for $8,175.00. The proceeds were applied to Tumioli's debt to CCB. Berry did not receive written notice of the public sale from CCB.

There is a dispute among the parties as to whether CCB notified Berry that it intended to conduct a public sale of the automobile. CCB contends that Berry is neither a "debtor" nor an "owner" under Virginia law and is not entitled to the rights and protection afforded debtors and owners. This argument is the basis for CCB's motion for summary judgment.

### Discussion

The issues before the Court are whether Berry was the owner of the automobile at the time it was repossessed by CCB and whether she is a "debtor" as defined under Article 9 of Virginia's Uniform Commercial Code.

A. *Owners Under Va. Code § 46.2-100*

"An automobile, by its characteristics, was not intended to be handled by bill of sale in Virginia. To follow the general law of sales to ascertain ownership of automobiles would be contrary to the intent of Virginia's registration laws and would create confusion, uncertainty, and endless difficulties." *U.S. F. & G. v. Trussell*, 208 F. Supp. 154, 159 (W.D. Va. 1962). Accordingly, the Court examined Virginia's motor vehicle laws for a definition of "owner."

Va. Code § 46.2-100 provides, in pertinent part:

> "Owner" means a person who holds legal title to a vehicle; *however, if a vehicle is the subject of an agreement for its conditional sale or lease with the right of purchase on performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee . . . then the conditional vendee or lessee or mortgagor shall be the owner for the purpose of this title.*

(Emphasis added.)

CCB relies on a line of Virginia cases that support the general rule that the sole evidence of ownership of a motor vehicle is a registered title. *Thomas v. Mullins*, 153 Va. 383 (1929); *United States v. One Hudson Hornet Sedan*, 110 F. Supp. 41 (W.D. Va. 1953); *Nationwide Ins. Co. v. Storm*, 200 Va. 526 (1959); *U.S. F. & G. v. Trussell*, 208 F. Supp. 154 (W.D. Va. 1962).

However, the law allows for ownership to arise under circumstances other than the holding of legal title. In *First Virginia Bank v. Sutherland*, 217 Va. 588, 593 (1977), the Court relies on former Code § 46.1-1(18) in determining that an "owner" is "one who holds legal title to a vehicle or one entitled to immediate possession under a conditional sales lease or agreement." *Id.*

In construing a statute, the primary endeavor of the courts is to ascertain and give effect to the intention of the legislature. *Thomas v. Mullins*, 153 Va. 383, 388 (1929). Berry concedes that she does not hold "legal title" to the vehicle as the Certificate of Title was never delivered to her. Rather, Berry argues that the vehicle was the "subject of an agreement for its conditional sale . . . the right of purchase on performance of the conditions stated in the agreement." Berry asserts further that she had "immediate right of possession" of the vehicle. Berry contends that, upon payment to Tumioli, she satisfied the conditions of the contract and, therefore, became an "owner" under § 46.2-100.

CCB argues that § 46.2-100 requires a performance of all contract conditions in addition to the immediate right of possession by the conditional vendee. CCB argues that because the certificate of title was not delivered, the conditional contract was not fully performed.

While stating different positions on the construction of § 46.2-100, both parties rely on the same assumption that the conditions of the contract had to be satisfied in order to be considered an "owner" under the motor

vehicle code. However, a close reading of the statute seems to suggest otherwise. The Code section provides that if the conditional sales agreement gives a person the "right of purchase [of the vehicle upon] performance of the conditions stated in the agreement," then that person "shall be the owner." Thus, in order for a person to be considered an "owner," it is enough that the vehicle be the "subject" of such an agreement and, in this case, the conditional vendee, have "immediate right of possession." The plain language of the statute does not require full performance of a contract. Thus, that issue is not material to the definition of ownership under § 46.2-100.

Both parties agree that the automobile was the subject of a conditional agreement. The Plaintiff states in her Bill of Particulars that the purchase of the vehicle was contingent upon certain conditions, specifically her obtaining of financing from Riverside. However, it is important that the Court take notice of the U.C.C.'s treatment of such terms as "conditional sale" and "conditional vendee." Official Comment 1 of § 8.9-105 discusses the terms it applies to parties to a secured transaction. Such terms as "conditional sale" or "chattel mortgage" are substituted by the general term "security agreement" in the Article. The Article defines a "security agreement" as one which "creates or provides for a security interest." Section 8.9-105(1)(l). The term "debtor" becomes a substitute for terms such as "conditional vendee" or "mortgagor." The contract between Tumioli and Berry is not a part of the record. It would seem necessary to examine the contract to determine if the transaction actually amounts to a "conditional sale" as defined by the Article.

If it is determined that a conditional sales agreement does exist, § 46.2-100 also requires that "an immediate right of possession" be vested in "the conditional vendee." Berry entered into the agreement with Tumioli on March 18, 1996. She took possession of the automobile from Tumioli later that same month.

There is much case law that pertains to the right of immediate possession. However, this case deals with an immediate *right* of possession, not a right of immediate *possession*. The Code does not define what is "immediate" in either case. In a case on rights of immediate possession and automobile purchases, the plaintiff agreed to purchase a vehicle from Village Motors provided she had right to immediate possession of the vehicle upon payment to the dealership. *That same day,* the plaintiff obtained the funds to purchase the vehicle and it was delivered to her. *Village Motors, Inc. v. American Fed. Sav. & Loan,* 231 Va. 408 (1986).

In this case, the Code does not require that the possession be immediate, but that the conditional agreement allow for an immediate right of possession. What constitutes an "immediate right" is a question that also goes to the heart of the matter in determining whether Berry is an "owner" under § 46.2-100.

## B. *Debtors under the U.C.C.*

Va. Code § 8.9-105(1)(d) defines "debtor" as:

the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts or chattel paper. *Where the debtor and the owner of the collateral are not the same person, the term "debtor" means the owner of the collateral in any provision of the title dealing with the collateral*, the obligor in any provision dealing with the obligation, and may include both where the context so requires.

(Emphasis added.)

Berry never entered into a contract with CCB for payment of the car. The parties agree that she does not "owe payment" to CCB for the automobile.

CCB argues that Berry is not a "debtor" under the U.C.C. because she does not owe payment or other obligation to CCB. CCB relies on cases that establish co-makers and guarantors as debtors to emphasize that Berry does not fall under either category. *Rhoten v. United Va. Bank*, 221 Va. 222 (1980) (holding that co-makers or guarantors are debtors within the meaning of Code § 8.9-105(1)(d) and are entitled to notice upon sale or other disposition of collateral); *Woodward v. Resource Bank*, 246 Va. 481 (1993).

Berry contends that the Code section does not require that a person owe payment in order to be defined as a "debtor." The Court agrees. Examining the second sentence of the definition above, where the person "who owes payment," i.e. the debtor, and the owner of the collateral, are not the same, then "debtor" is defined as the *owner* of the collateral. *Rhoten* also stands for the principle that "the context in which the term 'debtor' is employed in § 8.9-504(3) requires that the term be interpreted to include both the owner of the collateral and the obligor, if they are not the same

person." If Berry is determined to be an "owner," then she would come under the Article's definition of "debtor."

Since the question still remains as to whether Berry is an owner under § 46.2-100, this threshold question must first be answered before the Court looks to whether Berry is a debtor.

A trial court may enter summary judgment only if no material fact is genuinely in dispute. A court, in considering such a motion, must adopt those inferences from the facts that are most favorable to the non-moving party, provided those inferences are not strained, forced, or contrary to reason. *Carson v. LeBlanc*, 245 Va. 135, 140 (1993) (quoting *Bloodworth v. Ellis*, 221 Va. 18, 23 (1980)).

Whether a conditional sales agreement actually exists and whether Berry had "immediate right to possession" is material to the question of whether she is an "owner" under § 46.2-100. Until this is determined, the question remains of whether she is a debtor under § 8.9-105 of the U.C.C. Adopting those inferences from the facts that are most favorable to Berry, there remain material facts in dispute as to these issues.

For the reasons stated above, the Court denies CCB's Motion for Summary Judgment.