## UNITED STATES v. BARDENHEIER.

*(District Court, E. D. Missouri, E. D.  January 4, 1892.)*

1. REVENUE LAWS—ALTERATION OF INSPECTION STAMP.
     The "obliteration" of a portion of a government inspection mark or stamp is a "change or alteration" thereof, within the meaning of Rev. St. U. S. § 3326.

2. SAME—INFORMATION.
     An information which avers that the defendant "did unlawfully change and alter" the marks and stamps, sufficiently shows that the act was done willfully and intentionally.

3. SAME.
     An information under Rev. St. U. S. § 3326, for using casks or packages previously inspected for the sale of other spirits, or spirits of a different quality from those contained in them at the time of inspection, must show that the change was brought about by filling them with other spirits after the original contents, or a part thereof, had been withdrawn; and a count alleging that spirits of 102 degrees proof were fraudulently sold in casks marked "105 degrees proof," without stating the cause of such change in quality, is defective.

At Law.  Information against John Bardenheier for violation of the internal revenue laws.

### STATEMENT BY THAYER, DISTRICT JUDGE.

This is an information containing eight counts, under section 3326, Rev. St.  The first series of counts (Nos. 1, 2, 5, and 6) are for altering "distillery warehouse stamps" and "inspection marks" on certain barrels of distilled spirits, by "obliterating and making illegible" the dates of such stamps and marks.  In the second series of counts (Nos. 3, 4, 7, and 8) it is charged, in substance, that defendant unlawfully and fraudulently used casks having thereon United States internal revenue inspection marks, showing distilled spirits of 105 degrees proof to be contained therein, for the purpose of selling therein to one George Autenrieth distilled spirits of 102 degrees proof, and for the purpose of falsely representing to Autenrieth that the spirits sold were of 105 degrees proof, and then and there cheating and defrauding him.

*George D. Reynolds*, U. S. Dist. Atty.
*Hough & Hough*, for defendant.

THAYER, District Judge, (*after stating the facts.*)  The chief objections to the first series of counts are that an "obliteration" of a portion of a government inspection mark or stamp is not a "change or alteration" thereof, within the meaning of section 3326; and, *secondly*, that the counts are bad because it is not alleged that the marks and stamps were knowingly and intentionally altered in the respects stated.

Neither of these objections appears to the court to be tenable. A stamp or inspection mark is changed or altered from its former condition when a portion of it is obliterated or rendered illegible, as well as when some part of the stamp is erased, and something else is substituted in lieu of the part erased. The same conclusion follows when the purpose of the law is considered. Inspection marks and stamps are required to be placed on casks and packages of distilled spirits to enable the government to readily trace the origin and history of each cask, and thus effectually prevent frauds upon the revenue. The system is elaborate, and, as a whole, was so framed that each package might tell its own story,—where it was made, when it was made, and if the tax thereon had been paid. It would be nearly or quite as mischievous to permit dealers to obliterate a portion of a government inspection mark or stamp found on a barrel of distilled spirits as it would be to permit a falsification of such mark. Therefore, the words "change or alter," as used in the statute, must be construed to cover an intentional erasure of any essential part of a mark or stamp which congress has required to be placed on packages of distilled spirits.

It will be conceded that an unintentional or accidental erasure of a stamp, or some part of it, is not an offense under section 3326. An indictment or information thereunder should accordingly allege that the act was done knowingly and intentionally, or it should employ language of a similar import. The present information avers that the defendant "did unlawfully change and alter" the marks and stamps in question. This sufficiently shows that the act was done willfully and intentionally, as otherwise it could not be said to have been done unlawfully.

2. The second series of counts must be adjudged insufficient. The statute (section 3326) imposes a penalty on one who "fraudulently uses any cask or package having any inspection mark or stamp thereon, for the purpose of selling other spirits, or spirits of quantity or quality different from the spirits previously inspected therein." The fraud in this clause intended is evidently a fraud upon the government, to be effected by putting into a cask, after it has been inspected or stamped, other spirits, either of the same or a different quality, that were not therein at the time of such inspection or stamping. It is apparent that congress was legislating for the protection of the revenue, rather than for the prevention of merely private wrongs. It intended to prevent frauds on the revenue that might be perpetrated by filling barrels that had been inspected or stamped with other spirits, after the original contents had been wholly or partially withdrawn. The second series of counts do not charge with certainty such a fraud as this clause of the statute was intended to prevent. They show, no doubt, that defendant made use of the inspection marks to misrepresent the proof of the liquor to one of his customers, or to aid in such misrepresentation, but it is not alleged that the change in proof was due to the fact that other spirits had been placed in the several casks after the original inspected contents had been wholly or partially withdrawn. The reduction in proof may have been due to natural causes, or to the addition of water after a por-

tion of the original contents had leaked out or had evaporated. If the reduction in proof was due to the addition of water, the penalty sued for was not incurred, since no wrong was thereby done to the government. The penalty is imposed for the doing of some act whereby the government is or may be defrauded. *In re Three Packages of Distilled Spirits*, 14 Fed. Rep. 569. See, also, *U. S. v. Thirty-Two Barrels of Distilled Spirits*, 5 Fed. Rep. 188.

The second series of counts will be quashed. The demurrer and motion to quash the first series will be overruled.