## UNITED STATES *v.* A. GRAF DISTILLING COMPANY.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 24.   Argued December 16, 1907.—Decided January 27, 1908.

A revenue statute containing provisions of a highly penal nature should be construed in a fair and reasonable manner, and, notwithstanding plain and unambiguous language, provisions for the prevention of evasion of taxation, which naturally are applicable to taxable articles only, will not be held applicable to articles not taxable, wholly harmless, and not used for an illegal purpose, in an improper manner, or in any way affording opportunities to defraud the revenue.

The sale of a barrel of whiskey, stamped, branded and marked so as to show that the contents have been duly inspected, and the tax thereon paid, into which a non-taxable substance has been introduced after such stamping, branding and marking by an officer of the revenue, does not

authorize a seizure and forfeiture thereof to the United States under the provisions of § 3455, Rev. Stat.

The phrase "anything else," as employed in § 3455, Rev. Stat., does not include substances that are not in themselves taxable under the law of the United States.

THIS case comes here on a certificate from the United States Circuit Court of Appeals for the Eighth Circuit. The proceeding was commenced in the District Court of the United States for the Eastern District of Missouri, January 4, 1905, by the United States District Attorney for that district, who filed therein an amended information, praying for a decree of forfeiture, condemnation and sale of three barrels of whiskey, which had theretofore been seized by the collector of internal revenue and were still in his possession and custody.

The sole ground for the seizure and forfeiture averred in the information is contained in the following paragraph thereof, as certified by the Circuit Court of Appeals:

"That prior to the time of said seizure of said barrels and packages, they, and each of them, had been purchased and received by A. Graf & Co., they then being stamped, branded, and marked so as to show that the contents thereof were distilled spirits of a certain proof, which had before then been duly inspected by an officer of the revenue, to wit, a United States gauger. That afterwards and before said seizure said barrels and packages, and each of them, and the contents therein then contained, were sold to divers persons, each of the barrels and packages at the time of the sales last aforesaid containing things else than the contents which were therein when said barrels and packages were so lawfully stamped, branded and marked by said officer of the revenue as aforesaid, to wit, burnt sugar, commonly called caramel, which had been added to and placed in said spirits before said last-mentioned sales thereof, in violation of section 3455 of the Revised Statutes of the United States, whereby and by force of said statute said barrels and packages and all the contents thereof became and are forfeited to the United States."

The claimant, A. Graf Distilling Company, demurred to the information on the ground that it was insufficient in law to authorize a decree of forfeiture.

The demurrer was sustained by the District Court and, the United States declining to plead further, it was adjudged that the barrels of whiskey be restored to the claimant.

The ground of the decision of the District Court was that the purpose of § 3455, Rev. Stat., is to prevent the disposition of packages stamped, branded, or marked, when empty or when containing a taxable substance other than the contents which were therein when they were so lawfully stamped, branded, or marked by an officer of the revenue; and that burnt sugar or caramel not being taxable is not within the meaning of the phrase "anything else" as contained in the section referred to.

The Circuit Court of Appeals, in order to a correct determination of the cause, desired the instruction of this court upon the following questions:

"1. Does the sale of a barrel of whiskey, stamped, branded, and marked so as to show that the contents have been duly inspected, and that the tax thereon has been paid, into which burnt sugar or caramel has been introduced after such stamping, branding, and marking by an officer of the revenue, authorize a seizure and forfeiture thereof to the United States under the provisions of section 3455 of the Revised Statutes of the United States?

"2. Does the phrase 'anything else,' as employed in section 3455 of the Revised Statutes, include substances that are not in themselves taxable under the laws of the United States?"

Section 3455 of the Revised Statutes (2 Comp. Stat. 2279), under which the seizure of the whiskey was made, is set forth in the margin.[1]

---

[1] SEC. 3455. Whenever any person sells, gives, purchases, or receives any box, barrel, bag, vessel, package, wrapper, cover, or envelope of any kind, stamped, branded, or marked in any way so as to show that the contents or

*Mr. Assistant Attorney General Cooley* for the United States:

The statute is clear and unambiguous and admits of no construction.

The primary rule of statutory construction is that when the language ·of the statute.is clear and unambiguous it admits of no construction, or the rule might be more accurately expressed by saying that where the language admits of but one meaning the task of interpretation does not arise at all. Endlich, Interpretation of Statutes, § 4, and cases cited; · *United States* v. *Palmer,* 3 Wheat. 610, 630.

However unjust, arbitrary, or inconvenient a statute may be, if the language ·is clear the court will enforce the plain ·meaning. To be sure, if literal interpretation leads to a result obviously not intended by the legislative branch, the duty of the court is, reading the statute as a whole and taking into consideration other statutes in *pari materia,* to give effect to the intention.

In the case at bar it cannot be said that the language of the statute is anything but clear and unambiguous. The pro-

---

intended contents thereof have been duly inspected, or that the tax thereon has been paid, or that any provision of the internal revenue laws has been complied with, whether such stamping, branding, or marking may have been a duly authorized act or may be false and counterfeit, or otherwise without authority of law, said box, barrel, bag, vessel, package, wrapper, cover, or envelope being empty, or containing anything else than the contents which were therein when said articles had been so lawfully stamped, branded, or marked by an officer of the revenue, he shall be liable to a penalty of not less than fifty nor more than five hundred dollars. And every person who makes, manufactures, or produces any box, barrel, bag, vessel, package, wrapper, cover, or envelope, stamped, branded, or marked, as above described, or stamps, brands, or marks the same, as hereinbefore recited, shall be liable to penalty as before provided in this section. · And every person who violates the foregoing provisions of this section, with intent to defraud the revenue, or to defraud any person, shall be liable to a fine of not less than one thousand nor more than five thousand dollars, or to imprisonment for not less than six months nor more than five years, or to both, at the discretion of the court. And all articles sold, given, purchased, received, made, manufactured, produced, branded, stamped, or marked in violation of the provisions of this section, and all their contents, shall be forfeited to the United States. ·

hibition against selling, buying, giving, or receiving a receptacle containing "anything else" than the contents which were therein when the tax was paid is as clear as the English language can make it.

The statute being a revenue law should not be strictly construed. *United States* v. *Stowell*, 133 U. S. 1, 12.

The construction of these revenue statutes must be such as is most favorable to their enforcement. 18 Opinions Atty. Gen. 246, 248.

Even if there is uncertainty as to the meaning of § 3455, Rev. Stat., the spirit and purpose of this section, when read in connection with the revenue laws as a whole, forbid the addition of coloring matter to tax-paid spirits.

The construction contended for by the Government is in harmony with that given to other sections of the internal revenue laws. *United States* v. *Two Bay Mules*, 36 Fed. Rep. 84; *United States* v. *Goodrich Transportation Co.*, 8 Biss. 224; *United States* v. *Ulrici*, 3 Dill. 532.

Where statutes are thus drawn in unqualified terms, courts have invariably refused to place a narrow construction upon them, even though at times a real hardship was imposed. The remedy for harsh legislation, it has been wisely declared, is with the legislature and not with the courts. The very spirit and purpose of the revenue laws require that the contention of the Government should be upheld. *Dobbins's Distillery* v. *United States*, 96 U. S. 395, 401; *United States* v. *Bayaud*, 16 Fed. Rep. 376, 384; *United States* v. *Dobbs et al.*, Fed. Cases No. 14,972; *United States* v. *Fifty Barrels of Whiskey*, Fed. Cases No. 15,091.

*Mr. Warwick M. Hough* for the A. Graf Distilling Company:

The object of the internal revenue laws being taxation rather than regulation, it is manifest that only those changes in the contents of packages were intended to be noticed by the law, the making of which subjected the person making them to the payment of a special tax; or the making or doing

of which was specifically prohibited upon the theory that it might open the door to a fraud.

But, in seeking a forfeiture, or the imposition of fines, penalties, or imprisonment, specific authority therefor must be found in the law itself, and such a proceeding cannot be sustained upon the theory that permission for the doing of the specific act alleged to constitute an offense does not appear in the law. On the contrary, what is not specifically prohibited by the law is to be understood as being permitted or intended to be passed unnoticed.

Even though some changes may take place naturally, or adventitiously in the contents of a cask or package which has been duly marked, stamped, and branded, as required by law, no notice is to be taken of such changes unless they are such as would require a change of marks, stamps, or brands; and no change in the marks, stamps, or brands is required by law, except when there is such a change in the contents of the package as would subject the person making such change to the payment of some special tax therefor. *United States* v. *Thirty-two Barrels of Spirits,* 5 Fed. Rep. 188; *Three Packages of Distilled Spirits,* 14 Fed. Rep. 569; *United States* v. *Nine Casks and Packages,* 51 Fed. Rep. 191; *United States* v. *Fourteen Packages of Whiskey,* 66 Fed. Rep. 984; *United States* v. *One Package of Distilled Spirits,* 88 Fed. Rep. 856.

Mr. Justice Peckham, after making the foregoing statement, delivered the opinion of the court.

Other phases of this controversy have appeared in the courts below and are reported *sub nomine United States* v. *Three Packages of Distilled Spirits,* in 125 Fed. Rep. 52, and 129 Fed. Rep. 329. After the reversal of the judgment of forfeiture and the granting of a new trial by the Circuit Court of Appeals, as disclosed by those reports, the information was amended by making the allegations contained in the foregoing statement, and the original averment as to placing other

distilled spirits of a different quality in the barrels after being stamped is not before us.

We are here called upon to determine what is the proper construction of the language of the statute when it speaks of selling a barrel and its contents after it has been properly stamped, and which at the time of sale contained anything else than the contents which were therein when the barrel was stamped by the revenue officer. Does the addition after such stamping, of burnt sugar or caramel, placed in the barrel for the sole purpose of coloring the contents (in this case whiskey), and without intent to defraud the revenue or any person, render the seller liable to the penalty provided by the statute, and the barrel and its contents liable to forfeiture? This coloring matter was not itself taxable. There is no charge that it is unhealthy, and it is plain that its use defrauds no one within the legal meaning of that term. The statute is not a health law, nor is its purpose to prevent the coloring of whiskey before its sale to the consumer. The matter which was added to the contents of the barrel, after it was stamped and branded, did not increase or decrease the amount of the tax otherwise payable on the spirits so colored.

The Government, however, contends that it is wholly immaterial whether the coloring matter added is not itself taxable; it is, within the terms of the statute, something "else than the contents which were" in the barrel when it was lawfully stamped by the officer of the revenue, and if the person who adds the coloring matter subsequently sells the barrel and contents such act subjects them to forfeiture, and renders the person making the sale subject to the penalty named in the first part of the section. The counsel for the Government insists that there is no room for construction other than such as the plain language of the statute calls for; and it is contended that to hold otherwise destroys the statute and opens the door to fraud which is not easy to detect, and which the statute was intended to prevent. In a very careful review of the various provisions of the internal revenue statute, counsel

for the Government has called attention to many acts which are forbidden and which would seem to be innocent, but which were, nevertheless, thought to be of such a character as to open the door for fraud upon the revenue, and hence it is argued that this addition of coloring matter was an act which although it might seem to be innocent in itself, yet nevertheless comes within the plain prohibition of this section, and effect must be given to that prohibition, because it may tend to prevent some subsequent fraud, however harsh or unreasonable the provision might otherwise seem to be. We must first, however, be satisfied that this alleged total, absolute and unconditional prohibition was the real intention of Congress, to be gathered from the language of the section when read in connection with the language of the whole statute. There is no doubt that many of its provisions are harsh beyond anything known heretofore in our history (*United States* v. *Ulrici*, 3 Dill. 532, 539), and yet we cannot persuade ourselves that the act proved in this case comes within the law.

The section is one of many dealing with the subject of collecting a revenue from the taxation of the articles therein mentioned and in the manner therein provided. The aim of the whole statute is to make all of the taxable articles actually pay the tax, and to that end it prohibits those acts which might possibly lead to an evasion of the payment of the tax due upon any taxable article. When, therefore, in the course of the many provisions for collecting the tax and for preventing any evasion of its due payment the statute prohibits the putting of anything else in the barrel or package, etc., after it has been branded or stamped, it seems to us the natural meaning of the language limits the addition to anything of a taxable nature and does not include an article which is not taxable, is wholly harmless and added for a purpose not illegal or in itself improper.

We concur, of course, in the rule which has been upheld in this court, that a statute like this one, for the raising of a revenue, even when accompanied by provisions of a very

highly penal nature, is still to be construed as a whole and in a fair and reasonable manner, and not strictly in favor of a defendant. *United States* v. *Stowell*, 133 U. S. 1. Construed under this rule, we are unable to conclude that the section applies to this case. The language used, when considered in connection with the whole statute, is not so plain as to preclude the application of those general rules of construction of statutes which frequently interpret language in accordance with what seems to be the real meaning of the legislature, although not in exact and literal obedience to the wording of the law.

We do not think that the opportunities for perpetrating a fraud upon the revenue are in any way extended by reason of the addition in question. A liquor dealer having a properly stamped barrel in his possession might violate the law and empty the contents of the barrel without destroying the stamps, and might then dispose of the barrel, so stamped, to an illicit distiller, who might then endeavor to perpetrate a fraud upon the revenue by filling the barrel with non-tax-paid spirits, but we do not see that the prior addition, as mentioned, of coloring matter to the contents of the barrel would aid him in his attempt, nor would the absence of such matter tend in any degree to its prevention or detection. It is not the coloring matter which was added to the contents of the barrel before they were emptied that would in such case aid the attempted fraud, for such coloring matter would probably have been emptied with the other contents of the barrel. The opportunities for fraud commenced at the time the liquor dealer emptied the contents of the barrel without destroying the stamp, and that opportunity was not in the slightest degree affected by the addition, and the attempted fraud of the distiller is not made more easy of accomplishment because of such addition. We cannot see, therefore, that any reasonable purpose could be attributed to Congress in prohibiting an addition, such as is charged in this case, and we cannot construe the section on the mistaken theory that though the act was

really innocent, yet it might aid in the evasion of payment of some portion of a tax. and hence must be regarded as prohibited.

The statute in question, although there has been no intent to defraud, makes a person violating it liable to the lighter penalty, while if the intent to defraud be alleged the article is still liable to forfeiture and the person may be fined a much larger sum and also imprisoned. On this ground it is contended the statute is intended to meet just such a case as the one before us, where there was no intent to defraud and where there was no addition of anything which was itself taxable, but where, nevertheless, something else had been added after the stamping and branding, which was not a part of the contents of the barrel when it was so stamped. It is therefore urged that as the section provides for a forfeiture of the article and a fine upon the person guilty of the addition, even when no intent to defraud is alleged or proved, it emasculates the section to hold that the addition must be something which is itself taxable. We do not think so. When there has been an addition of anything that was taxable, the statute applies, although there was no intention to defraud, while if there were such intention a much heavier penalty is imposed. The two portions of the section are distinct and each may be enforced, however harsh the first may appear to be, when imposed in a case where the action was really without any intention to defraud the revenue or any person.

It has been held under other sections of this act, somewhat similar, that the addition of water to the contents of a barrel or package is no ground of forfeiture. We do not say that the language is exactly the same, but only that it is somewhat similar. *United States v. Thirty-two Barrels of Distilled Spirits,* 5 Fed. Rep. 188; *Three Packages of Distilled Spirits,* 14 Fed. Rep. 569; *United States v. Bardenheier,* 49 Fed. Rep. 846, 948: *United States v. Nine Casks &c.,* 51 Fed. Rep. 191. Reference is made to them in the opinion in this case in 125 Fed. Rep. 52, *supra.*

We think the reasonable construction of this statute requires that the questions submitted should be answered in the negative. It will be

*So certified.*