UNITED STATES v. GOLDBERG.

UNITED STATES v. HUPP et al.

UNITED STATES v. LEONARD.

UNITED STATES v. O'CONNOR.

UNITED STATES
v.
PARZYCK et al.

UNITED STATES v. WISNIEWSKI.

Nos. 8520, 8524, 8525, 8532, 8533, 8542.

United States District Court,
D. Minnesota, Fourth Division.
Aug. 11, 1954.

**386**

Simon Meshbesher and Philip J. Stern, Minneapolis, Minn., for Bennett Goldberg and Frank S. Leonard.

Linus J. Hammond, St. Paul, Minn., for Claude J. Hupp and John W. Reilly.

William P. Murphy, St. Paul, Minn., for James D. O'Connor.

Raymond J. Julkowski and T. H. Wangensteen, Minneapolis, Minn., and William P. Murphy, St. Paul, Minn., for Constantine W. Parzyck, Steven F. Parzyck and Theodore Wisniewski.

George E. MacKinnon, U. S. Atty., and Alex Dim, Asst. U. S. Atty., St. Paul, Minn., for United States.

NORDBYE, Chief Judge.

These actions came before the Court on the motions of the various defendants to dismiss the indictments against them.

The indictments are based upon 26 U.S.C. § 2871, which authorizes the Secretary of the Treasury "whenever *in his judgment such action is necessary to protect the revenue* [italics supplied] * * * (1) to regulate the size, branding, marking, sale, resale, possession, use, and re-use of containers (of a capacity of less than five wine gallons) designed or intended for use for the sale at retail of distilled spirits (within the meaning of such term as it is used in section 2803) * * *" and which provides a penalty for wilfull violation of any regulations so prescribed. Apparently in pursuance of this statute, the Secretary promulgated Regulations 13, 26 C.F.R. Part 175 (1952 Supp.), § 175.121, which provides that:

"No liquor bottle or other authorized container shall be reused for the packaging of distilled spirits except as provided in § 175.62, nor shall the original contents, or any portion of such original contents, remaining in a liquor bottle or other authorized container be increased by the addition of any substance."

The exceptions noted in Section 175.62 are not pertinent here.

The indictments herein are cast in terms of the aforesaid regulation in that they charge that defendants wilfully and unlawfully reused marked liquor bottles "and increased the original contents of said marked liquor bottles by the addition of a substance." Defendants move to dismiss the said indictments upon the grounds (1) that the indictment fails to state a criminal cause of action, (2) that the statute and the regulations under which defendants are charged are constitutionally void for vagueness, (3) that the regulations are beyond the scope of the Secretary's statutory authority, and (4) that if the defendants did commit an offense, it was compromised and settled.

█ Defendants' first contention as to the sufficiency of the indictments is that 26 C.F.R. §§ 175.121 and 175.62, upon which the indictments are based, have been abrogated by Presidential Proclamation No. 2974, 17 Fed.Reg. 3813, 50 U.S.C.A.Appendix note preceding section 1, proclaiming the termination of the national emergency. This contention is based upon a note following the table of contents to the 1950 republication of the 1940 edition of Regulations 13 indicating that certain sections thereof were to be effective only during the period of unlimited national emergency. Among those specified is § 175.62, which forbids the "reuse for packaging distilled spirits for sale at retail of liquor bottles or other authorized marked containers" with certain exceptions not applicable to the defendants in this prosecution. Since § 175.121, which also forbids such a reuse of containers, incorporates by reference the exceptions listed in § 175.62, defendants contend that both § 175.62 and § 175.121 have become ineffective.

Undoubtedly the basis for the inclusion of the note in question by the editor of the 1950 republication was the last paragraph of T.D. 5292, 8 Fed.Reg. 12082, which had amended what is now § 175.62, by expanding greatly the exceptions to the rule of that section, presumably with the idea that allowing greater reuse of bottles would further the war effort. The last paragraph of T.D. 5292 reads as follows:

"The foregoing amendments to Regulations 13 shall cease to be effective upon the termination of the unlimited national emergency proclaimed by the President on May 27, 1941."

It seems apparent, however, that what was intended to expire with the national emergency were the amendments permitting greater reuse of marked containers. The portion of § 175.62 which creates the general rule prohibiting reuse was not changed by T.D. 5292 or by any other amendment to the regulations since 1940. Further, § 175.121 is nowhere mentioned as being affected by the termination of the emergency and is quite capable of standing by itself. Although it incorporates by reference the exceptions contained in § 175.62, this Court cannot agree that it becomes meaningless if § 175.62 is held to be ineffective. For the logical result of holding that § 175.62 is completely inoperative would be that § 175.121 would operate without any exception whatever. Finally, the last clause of § 175.121, which prohibits the addition of any substance to the contents of an authorized container and which is primarily relied upon by the Government in this prosecution, is subsequent to the reference to § 175.62 and is in no way dependent thereon.

█ There is no merit to the contention of the defendants that these actions are barred because of the offer of compromise made by them to the Commissioner of Internal Revenue. Title 26 U.S.C. § 3761 quite clearly indicates that cases arising under the Internal Revenue law are to be compromised by the Commissioner only with the approval of the Secretary of the Treasury. The statute further provides that whenever there is such a compromise, an opinion of the General Counsel for the Department stating his reasons therefor, the amount of the tax assessed and the penalty, and the amount actually paid in compromise be made a matter of record in the files of the Commissioner. It has been held that this statute prescribes the exclusive method by which tax cases can be compromised. Botany Worsted Mills v. United States, 1929, 278 U.S. 282, 49 S. Ct. 129, 73 L.Ed. 379. The case of Willingham v. United States, 5 Cir., 1913, 208 F. 137, cited by defendants, held only that where a taxpayer paid the overdue tax and penalty and where the money was never returned to him, but a special tax stamp was issued to him in response to his remittance of the tax and penalty, a presumption was raised that the offer of compromise had been accepted. In the instant case, the Commissioner's only response to the offers made by defendants was to return the money with notice

that the offers had been rejected. Although the money was retained until shortly after this motion was made, Section 3761 of the Internal Revenue Code does not allow a finding of equitable estoppel. United States v. Drielinger, D.C.N.Y.1927, 21 F.2d 211. Moreover, the facts shown would not justify such a finding. For Treasury Department Form 656, upon which defendants made their offer of compromise, clearly states the offer "does not afford relief from the liability sought to be compromised unless and until it is actually accepted by the Commissioner, with the advice and consent of the Secretary of the Treasury." In the absence of evidence that the statutory formalities have been complied with, it cannot be held that this action is barred.

■ Defendants next contend that the indictments are fatally defective in that they charge merely, in the words of § 175.121, that defendants increased the original contents of marked liquor bottles by the addition of a substance. It is well settled that an indictment in the language of a statute is sufficient only if the statutory language of itself fully and directly sets forth all the elements necessary to constitute the offense intended to be punished. United States v. Carll, 1881, 105 U.S. 611, 26 L.Ed. 1135; 42 C.J.S., Indictments and Informations, § 139, page 1038, and is not sufficient if by its generality it may embrace acts which it was not the intent of the statute to punish. United States v. Metzdorf, D.C.1918, 252 F. 933; 42 C.J.S., Indictments and Informations, § 139(h); 42 Am.Jur. 663 n. 19. The indictments in question contain nothing to indicate what "substance" was allegedly added to the liquor bottles mentioned. Therefore, they can be upheld only if defendants could be convicted of a crime regardless of the nature or the quantity of the substance added.

There are no reported decisions dealing directly with the interpretation of this regulation or its validity. However, United States v. A. Graf Distilling Co., 1908, 208 U.S. 198, 28 S.Ct. 264, 52 L.Ed. 452, is helpful on the inquiry into the meaning of the regulation. That case involved a statute which provided a penalty for selling containers marked so as to indicate that the tax thereon had been paid if the container were empty or contained "anything else" than the original contents. On certification from the Eighth Circuit Court of Appeals, 166 F. 1021, the Government contended that it was immaterial whether the matter added was itself taxable. However, the Supreme Court held that the addition of caramel to a container of the statutory description was not within the statute's prohibitions because the addition of such a substance could not in any way extend the opportunities for a fraud upon the revenue. If not in itself dispositive of the issues raised herein, the above case is persuasive authority for holding that the regulation in question cannot be sustained as broadly interpreted by the Government. This Court does not believe that the Secretary intended that the addition of any type of soluble substance to the contents of a marked liquor bottle should be subject to prosecution as a crime against the revenue. And the language of the indictments is so indefinite that it may be argued persuasively that even the addition of an insoluble substance, such as a marble, for example, would increase the original contents of a marked liquor bottle and subject one to the penalties of the act.

■■ The very absurdity of such a broad and literal construction of the regulation makes it clear that if it were intended to encompass the examples given, the regulation could not be sustained as valid. Although 26 U.S.C. § 2871 vests the power in the Secretary and not in this Court to determine when a regulation is necessary for the protection of the revenue, the accepted principles as to review of "legislative" regulations prescribed by an administrative body do not require a court to sustain a regulation which appears to be the expression of a whim rather than an exercise of judgment. See American Telephone & Telegraph Co. v. United States, 1936, 299 U.S. 232, 236, 57 S.Ct. 170, 81

L.Ed. 142; Davis, Administrative Law §§ 55, 249, 389 (1951). The Government has not pointed out and this Court cannot perceive any rational connection between the protection of the revenue and a prohibition against adding to the contents of marked liquor bottles any type of a substance which could include even minute quantites of lemon juice, flavoring extracts, or sugar, for example, which additions might increase the contents imperceptibly but could not possibly extend the opportunities for perpetrating a fraud on the revenue. It would be contrary to principles of sound judicial administration to proceed to trial on the vague and ambiguous charges contained in these indictments.

In view of the conclusions reached herein, it is not necessary to comment upon the other grounds urged in the several motions to dismiss.

It follows from the foregoing that the motions to dismiss the indictments and each of them upon the grounds that they fail to state a criminal offense against the laws of the United States are granted. It is so ordered.

An exception is allowed.