Thomas F. TEREK, Appellant,

v.

CONEMAUGH & BLACK LICK RAILROAD COMPANY, a corporation, Appellee.

No. 11768.

United States Court of Appeals
Third Circuit.

Argued Feb. 23, 1956.
Decided April 4, 1956.

John E. Evans, Jr., Pittsburgh, Pa. (Evans, Ivory & Evans, Pittsburgh, Pa., Donald J. Perry, Johnstown, Pa., on the brief), for appellant.

Bruce R. Martin, Pittsburgh, Pa. (Pringle, Bredin & Martin, Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

The judgment from which this appeal has been taken was rendered pursuant to a jury's answer to one of several interrogatories submitted to it in the trial of an action for personal injuries by a railroad brakeman against his employer. It is the theory of the claim that the carrier has used an unsafe locomotive in violation of Section 23 of Title 45 of the United States Code Annotated, a provision of the Boiler Inspection Act.

The accident in question occurred while the plaintiff was working on a locomotive operating in defendant's yards. There was evidence that as plaintiff took a step from the cab of the locomotive rearward onto the adjacent deck his foot slipped on some foreign substance causing him to fall to his injury. The defense took issue with this theory of the way the accident occurred. On this important matter plaintiff himself testified that after the accident "I wanted to know what caused me to slip and I looked and seen this black substance there, which to me looked like grease—had my foot mark right through it."

At the conclusion of the testimony the trial judge submitted interrogatories to the jury. Only the first of them need concern us. In submitting it the judge said to the jury:

"The first interrogatory reads as follows: 'Was there a greasy substance on the step on top of the battery box of Engine 61 at the time of the accident?' That interrogatory, members of the jury, should be answered yes or no. If your answer is no, that is the end of the case and your verdict should be in favor of the defendant. If your answer is yes then you will proceed to a consideration of the second interrogatory. * * * *"

After a period of indecisive deliberation the jury submitted a written question to the judge. Answering that question the judge addressed the jury as follows:

"Members of the jury, you have handed to me the following question: 'May we interpret greasy substance as any foreign substance including mud or must we interpret it as grease only?' That is the question as I have it on this paper which you sent to me. In answering your inquiry I wish to say this. In using the words 'greasy substance', the Court was referring to the substance described by the plaintiff. If you find that the substance described by the plaintiff was present, the answer to the first interrogatory should be yes. If you find that the substance described by the plaintiff was not present, the answer to the first interrogatory should be no. I hope I have clarified it for you."

The jury again retired and eventually returned with a "no" answer to the first interrogatory. Judgment was entered for the defendant, and this appeal followed.

The appellant makes three contentions. First, he says the trial judge unduly limited the jury's inquiry to the matter of the presence of "grease" as distinguished from any other foreign substance which might have caused the accident. We find no error in the phrasing of the question. True, the interrogatory inquired whether there was "a greasy substance on the step", but the plaintiff himself had testified that the substance upon which he slipped "looked like grease", and thereafter his counsel in asking questions about the matter referred to the substance as "this grease".

Moreover, if clarification were needed, the trial judge supplied it in his answer to the jury's question about the proper interpretation of the phrase "greasy substance" as it appeared in the first interrogatory. It is particularly noteworthy that the judge explicitly told the jury that "If you find that the substance de-

scribed by the plaintiff was present, the answer to the first interrogatory should be yes". We do not see how the court could have made it clearer that, as to the nature of the alleged substance, the interrogatory was intended to be as broad as the plaintiff's proof had been. Certainly, appellant was entitled to no more than that.

 Appellant's next complaint is that in a general charge to the jury, which preceded the submission of special interrogatories, the court talked about negligence and contributory negligence in a way calculated to convey the erroneous impression that liability here depended upon fault when in actuality this was a case under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. and the Boiler Inspection Act, 45 U.S.C.A. § 22 et seq. in which the defendant railroad would be responsible for injury caused by a foreign substance on the floor of its locomotive regardless of fault. Some irrelevant general discussion of negligence does appear in the charge and under other circumstances might well constitute reversible error. However, no harm was done here because the case was actually submitted to the jury and decided solely on an interrogatory asking simply and directly whether the substance to which plaintiff attributed the accident was, or was not, present.

 Appellant's final point is that the trial judge did not charge the jury, although requested to do so, on the duty of the railroad to keep the deck of the locomotive free of foreign matter. However, the interrogatories were so phrased as to make clear that if the substance described by the plaintiff was present, and if plaintiff slipped on it, the jury should then proceed without more to determine damages. Quite apart from that consideration, the finding that the substance in controversy was not present makes it wholly unnecessary to inquire whether the court properly described the legal consequences which would have followed had the substance been present.

The judgment will be affirmed.