**Theodore WISNIEWSKI, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15517.**

United States Court of Appeals
Eighth Circuit.

Aug. 12, 1957.

Rehearing Denied Oct. 7, 1957.

T. H. Wangensteen, Minneapolis, Minn., for appellant.

Clifford Janes, Asst. U. S. Atty., St. Paul, Minn. (George E. MacKinnon, U. S. Atty., St. Paul, Minn., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges.

GARDNER, Chief Judge.

Appellant was indicted, tried and convicted on an indictment containing two counts, each charging a violation of a regulation of the Secretary of the Treasury, 26 C.F.R., Sec. 175.121, 1952 Cumulative Pocket Supp., by reusing marked liquor bottles for the packaging of distilled spirits.

In the course of this opinion we shall refer to the appellant either as the defendant or the accused.

At all times pertinent to the issues here involved defendant was a retail, on-sale liquor dealer in Minneapolis, Minnesota. The case was before this court on a former appeal reported at 225 F.2d 180 under the title of United States v. Goldberg. It was one of several cases which were submitted to us together. The only question before us on the former appeal was the sufficiency of the indictments.

Historically, it may be observed that this and companion cases referred to in the former appeals to this court were initially considered together by the trial court. The original indictments were on motion held by Judge Nordbye to be insufficient to state a public offense because the indictments merely charged the al-

leged offenses in the words of the regulation, charging only that the defendants wilfully and unlawfully reused marked liquor bottles "and increased the original contents of said marked liquor bottles by the addition of a substance." United States v. Goldberg, D.C.Minn., 123 F. Supp. 385, 386. Thereafter, new indictments were returned, of which, with one exception, so far as the issues here involved are concerned, the indictment in the present case may be taken as typical. The material part of Count I of the indictment in the instant case reads as follows:

"During the period from on or about November 1, 1953, to on or about January 23, 1954, in the City of Minneapolis, County of Hennepin, State and District of Minnesota, Theodore Wisniewski did, within the meaning of the terms used in the Code of Federal Regulations, Title 26, Part 175, as published in the Cumulative Pocket Supplement thereof, wilfully, wrongfully, and unlawfully reuse for the packaging of distilled spirits one (1) marked liquor bottle, more or less previously containing distilled spirits and labeled 'Seagram's 7 Crown Blended Whiskey,' by increasing the original contents of said marked liquor bottle by the addition of a substance, to-wit, liquid distilled spirits subject to taxation under the Internal Revenue Laws of the United States, and such reuse was not within any of the methods authorized by Regulation 13, Sec. 175.62 (26 C.F.R., Sec. 175.-62, 1952 Cumulative Pocket Supp.)."

Count II is identical with Count I of the indictment except that the bottle reused under Count II is alleged to have previously contained and been labeled "Lord Calvert's Blended Whiskey." The defendants in the various cases again filed motions to dismiss the new indictments on the ground that they failed to state a public offense. These motions were presented to the late Judge Joyce who sustained them on the ground that the substance added consisted of distilled

liquor on which the tax had been paid and, hence no revenue could or would be lost.

On appeal by the government we reversed the orders sustaining the motions to dismiss in all cases except United States v. Parzyck, 8 Cir., 225 F.2d 180, in which it was charged that the substance added consisted of water and we affirmed the dismissal in that case. We reversed because the indictments affirmatively charged that the substance added was subject to taxation and, hence, stated a public offense and we remanded the cases for retrial. On retrial there was evidence which the government claimed sufficient to prove beyond a reasonable doubt that the defendant wilfully, wrongfully and unlawfully added a substance, to-wit liquid distilled spirits subject to taxation, to the original contents of marked liquor bottles. It appeared without dispute that the added substance used in refilling the marked liquor bottles consisted of distilled liquor on which the tax had been paid.

At the close of all the evidence the defendant moved for judgment of acquittal, which motion the court denied and submitted the case to the jury on instructions to which certain exceptions were saved by the defendant. The jury returned a verdict of guilty and the defendant thereupon moved for judgment of acquittal notwithstanding the verdict and this motion was likewise denied by the court and judgment and sentence of guilty were entered pursuant to the verdict.

■■ In seeking reversal defendant contends that the evidence was insufficient to prove beyond a reasonable doubt that the defendant authorized or was responsible for adding the brand of distilled liquor to the other liquor contained in the marked liquor bottles. In view of the verdict of guilty we must view the evidence in a light most favorable to the government, giving the government the benefit of all such favorable inferences as might reasonably be drawn from the facts proven. So considered the evidence was, we think, sufficient to warrant the

jury in finding the defendant responsible for adding the brand of distilled liquor to the other liquor contained in the marked liquor bottles and, because of our conclusion as to other issues, we shall not here consider in detail the evidence on this issue.

In further support of his contention that the court should have granted his motion for judgment of acquittal interposed at the close of all the evidence defendant urges that there was no fraud on the revenue because the liquor added was taxpaid and that the court was in error in instructing the jury that it was no defense that the government was not deprived of any revenue and that the court erred in failing to give defendant's requested instruction No. 5 to the effect that in order to find the defendant guilty the jury must find that defendant wilfully refilled the liquor bottle in question by adding other liquor liable to taxation upon which a tax was due.

The regulation of the Secretary of the Treasury which defendant is charged with violating reads as follows:

"Reuse of containers. No liquor bottle or other authorized container shall be reused for the packaging of distilled spirits except as provided in Sec. 175.62, nor shall the original contents, or any portion of such original contents, remaining in a liquor bottle or other authorized container be increased by the addition of any substance."

The statute authorizing the Secretary of the Treasury to promulgate regulations relative to traffic in containers of distilled spirits reads as follows:

"Whenever in his judgment such action is necessary to protect the revenue, the Secretary is authorized, by the regulations prescribed by him * * * (1) to regulate the size, branding, marketing, sale, resale, possession, use, and re-use of containers * * * designed or intended for use for the sale at retail of distilled spirits * * *. Whoever willfully violates the provisions of any regulation prescribed, or the terms or conditions of any permit issued, pursuant to the authorization contained in this section, and any officer, director, or agent of any corporation who knowingly participates in such violation, shall, upon conviction, be fined not more than $1,000, or be imprisoned for not more than two years, or both * * *." 26 U.S.C. § 2871.

If the regulation is authorized by this statute then it has the force and effect of a criminal statute. As it is penal and criminal in character it must be strictly construed in favor of the accused. United States v. Resnick, 299 U.S. 207, 57 S.Ct. 126, 81 L.Ed 127; Federal Communications Commission v. National Broadcasting Co., 347 U.S. 284, 74 S.Ct. 593, 98 L.Ed. 699; France v. United States, 164 U.S. 676, 17 S.Ct. 219, 41 L.Ed. 595; United States v. Halseth, 342 U.S. 277, 72 S.Ct. 275, 96 L.Ed. 308; Schooler v. United States, 8 Cir., 231 F.2d 560; Gesell v. United States, 8 Cir., 1 F.2d 283; Martyn v. United States, 8 Cir., 176 F.2d 609. In United States v. Resnick, supra, Justice Butler, speaking for the Supreme Court after announcing the doctrine that a criminal statute must be strictly construed in favor of the accused, among other things, said:

"Before one may be punished, it must appear that his case is plainly within the statute; there are no constructive offenses." [299 U.S. 207, 57 S.Ct. 127.]

In France v. United States, supra, defendant had been convicted on a charge of conspiring to violate a statute prohibiting the carrying of any paper, certificate, or instrument purporting to be or representing a ticket, chance, share or interest in or dependent upon the event of a lottery across state lines. The evidence showed that defendant had in his possession the official print of the lucky number drawn, slips corresponding with the lucky number and money to be given to the winners. In reversing the con-

viction the Supreme Court said, inter alia [164 U.S. 676, 17 S.Ct. 221]:

"The lottery had already been drawn; the papers carried by the messengers were not then dependent upon the event of any lottery. * * *

"There is no contradiction in the testimony, and the government admits and assumes that the drawing in regard to which these papers contained any information had already taken place in Kentucky, and it was the result of that drawing only that was on its way in the hands of messengers to the agents of the lottery in Cincinnati.

"The statute does not cover the transaction, and however reprehensible the acts of the plaintiffs in error may be thought to be, we cannot sustain a conviction on that ground. Although the objection is a narrow one, yet the statute being highly penal, rendering its violator liable to fine and imprisonment, we are compelled to construe it strictly."

In United States v. Halseth, supra, the defendant was charged with mailing a circular letter concerning a lottery. In holding that the indictment did not state a public offense the court among other things said:

"In the instant case, too, the statute is penal and must be strictly construed. We hold that the words 'concerning any lottery' mean an existing, going lottery or gambling scheme. The mailing does not purport to concern any existing lottery, and neither the addressee nor the appellee was engaged in the operation of a lottery or similar scheme." [342 U.S. 277, 72 S.Ct. 277.]

In Schooler v. United States, supra, this court, in referring to the applicable rule for the construction of a criminal statute, said:

"As stated by the Court in Farmer v. United States, 10 Cir., 1942, 128 F.2d 970, 972:

"'A criminal statute must be strictly construed [citing, inter alia, Gesell v. United States, 8 Cir., 1924, 1 F.2d 283, 286]. Ambiguity in criminal statutes should not be resolved so far as to embrace offenses not clearly within the law. The facts charged and proved must bring the defendant plainly and unmistakably within the statute.'" [231 F.2d 564.]

In 82 C.J.S. Statutes § 389, p. 924, the rule is stated as follows:

"* * * it is a fundamental rule in the construction of statutes that penal statutes must be construed strictly, or, as it is otherwise stated, strictly construed against the state, or strictly construed in favor of the persons sought to be subjected to their operations, or construed strictly against the prosecution and in favor of the person accused."

With this applicable rule of construction in mind we turn to a consideration of the regulation purporting to be promulgated pursuant to the statute. The statute authorizes the promulgation of regulations necessary "to protect the revenue". The regulation prohibits increasing by the addition of any substance the original contents remaining in a liquor bottle or any other authorized container. As the tax had been paid on the liquor here involved it was not possible that any further revenue could be collected and the government was not and could not be defrauded of any revenue by this transaction. In United States v. A. Graf Distilling Co., 208 U.S. 198, 28 S.Ct. 264, 266, 52 L.Ed. 452, defendant was convicted under a somewhat similar statute. The substance added was caramel or brown sugar. In holding that this was not violative of the statute there involved the court among other things said:

"The matter which was added to the contents of the barrel, after it was stamped and branded, did not increase or decrease the amount of the tax otherwise payable on the spirits so colored.

* * * * * *

"When, therefore, in the course of the many provisions for collecting the tax and for preventing any evasion of its due payment the statute prohibits the putting of anything else in the barrel or package, etc., after it has been branded or stamped, it seems to us the natural meaning of the language limits the addition to anything of a taxable nature, and does not include an article which is not taxable, is wholly harmless, and added for a purpose not illegal or in itself improper.

* * * * * *

"We do not think that the opportunities for perpetrating a fraud upon the revenue are in any way extended by reason of the addition in question. A liquor dealer having a properly stamped barrel in his possession might violate the law and empty the contents of the barrel without destroying the stamps, and might then dispose of the barrel, so stamped, to an illicit distiller, who might then endeavor to perpetrate a fraud upon the revenue by filling the barrel with *nontax-paid* spirits, but we do not see that the prior addition, as mentioned, of coloring matter to the contents of the barrel, would aid him in his attempt, nor would the absence of such matter tend in any degree to its prevention or detection.

* * * * * *

"It is therefore urged that as the section provides for a forfeiture of the article and a fine upon the person guilty of the addition, even when no intent to defraud is alleged or proved, it emasculates the section to hold that the addition must be something which is itself taxable. We do not think so." (Emphasis supplied.)

When the case was before Judge Nordbye on motions to dismiss the indictments he gave some consideration to the construction of the regulation here involved and in doing so reviewed to some extent the Graf decision. United States v. Goldberg, D.C., 123 F.Supp. 385, 388. In the course of his opinion it is among other things said:

"The indictments in question contain nothing to indicate what 'substance' was allegedly added to the liquor bottles mentioned. Therefore, they can be upheld only if defendants could be convicted of a crime regardless of the nature or the quantity of the substance added.

"There are no reported decisions dealing directly with the interpretation of this regulation or its validity. However, United States v. A. Graf Distilling Co., 1908, 208 U.S. 198, 28 S.Ct. 264, 52 L.Ed. 452, is helpful on the inquiry into the meaning of the regulation. That case involved a statute which provided a penalty for selling containers marked so as to indicate that the tax thereon had been paid if the container were empty or contained 'anything else' than the original contents. On certification from the Eighth Circuit Court of Appeals, 166 F. 1021, the Government contended that it was immaterial whether the matter added was itself taxable. However, the Supreme Court held that the addition of caramel to a container of the statutory description was not within the statute's prohibitions *because the addition of such a substance could not in any way extend the opportunities for a fraud upon the revenue.* If not in itself dispositive of the issues raised herein, the above case is persuasive authority for holding that the regulation in question cannot be sustained as broadly interpreted by the Government. This Court does not believe that the Secretary intended that the addition of any type of soluble substance to the contents of a marked liquor bottle should be subject to prosecution as a crime against the revenue.

* * * * * *

"The Government has not pointed out and this Court cannot perceive

any rational connection between the protection of the revenue and a prohibition against adding to the contents of marked liquor bottles any type of a substance which could include even minute quantities of lemon juice, flavoring extracts, or sugar, for example, which additions might increase the contents imperceptibly but could not possibly extend the opportunities for perpetrating a fraud on the revenue." (Emphasis supplied.)

As hereinbefore recited, when new indictments were returned the defendants again interposed motions to dismiss and these motions were heard by the late Judge Joyce. On the argument before Judge Joyce the government admitted that the distilled liquor added was taxpaid and Judge Joyce apparently considered that admission as amending the indictments. On appeal we held that the indictments could not be so amended. In the course of Judge Joyce's opinion it is said:

> "Although not specified in the present indictments the government concedes that the matter added to the marked containers was spirits from another bottle on the contents of which the tax was paid.

> "It was impossible for this Court to perceive that the addition of such tax paid spirits could possibly deprive the Government of revenue, any more than the addition of water, as in No. 8608, could have any such effect. United States v. Bardenheier, supra [D.C., 49 F. 846].

> "In the language of United States v. A. Graf Distilling Co., 208 U.S. 198, 206, 28 S.Ct. 264, 52 L.Ed. 452:

> " 'We do not think that the opportunities for perpetrating a fraud upon the revenue are in any way extended by reason of the addition in question. * * * We cannot see, therefore, that any reasonable purpose could be attributed to Congress in prohibiting an addition, such as is charged in this case, and we can-

not construe the section on the mistaken theory that though the act was really innocent, yet it might aid in the evasion of payment of some portion of a tax, and hence must be regarded as prohibited.'

> "It is immaterial whether the regulation be interpreted restrictively to exclude non-taxable or tax paid substances or merely considered to be outside the scope of the authority delegated by Section 2871 in so far as the regulation should be interpreted otherwise. In any event the indictments are ineffective to state offenses under the statute and regulation and accordingly the same should be and are hereby dismissed."

 There was a period in our history during which the Federal Government, pursuant to Constitutional authority, attempted to regulate the liquor traffic but since the repeal of the Eighteenth Amendment to the Constitution government regulations must be limited to those necessary to protect the revenue. Thus in United States v. Goldberg, 8 Cir., 225 F.2d 180, 186, we said:

> "Defendants contend that the Secretary under the statute is authorized to issue regulations only for the purpose of protecting the revenue. We agree with this contention. The fact that the public may be defrauded by the device used here of pouring cheap whiskey into bottles bearing the label of a more expensive brand would not justify the regulation since under the enabling statute the Secretary may prescribe regulations only to protect the revenue."

And again, we said:

> "It seems to us that the regulation prohibiting the adding of 'any substance', which we have heretofore interpreted to mean a substance upon which a tax is due, is an entirely reasonable and necessary enforcement regulation, and as such is designed to and does protect the revenue."

As said by the late Justice Butler speaking for the Supreme Court in United States v. Resnick, supra [164 U.S. 676, 57 S.Ct. 127]:

"Before one may be punished, it must appear that his case is plainly within the statute; there are no constructive offenses."

Here it appears that at least District Judges Nordbye and Joyce in effect held that to constitute an offense the substance added must be one on which a tax is due. The defendant here had two brands of distilled liquor on each of which the tax had been fully paid. Was he not warranted in construing this regulation to mean that no fraud on the revenue could possibly result by mixing these two brands of liquor on both of which the tax had been paid? Certainly, strictly construed in favor of the accused, the regulation might well be so construed, particularly by a layman.

If the regulation be construed as applying to any and all substances, including distilled liquors on which the tax has been paid, then it would seem clear that it was beyond the authority of the Secretary of the Treasury to promulgate such a regulation because the regulation would have no relation to the protection of the revenue, but if construed to apply only to substances, including distilled liquors on which a tax is due, then it should be sustained. It is a familiar canon of statutory construction that where a statute is fairly susceptible of two constructions, one of which will give effect to the statute, while the other will defeat it, it is the duty of the court to adopt the one which will save and not destroy. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S. Ct. 816, 81 L.Ed. 1143.

We conclude that the court should have granted defendant's motion for a judgment of acquittal interposed at the close of all the evidence. As this conclusion necessitates a reversal of the judgment appealed from, we pretermit, as serving no useful purpose, any consideration of other contentions urged by the defendant. The judgment appealed from is therefore reversed and the cause remanded with directions to enter judgment of acquittal on both counts of the indictment.