Emil N. STILINOVIC, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17616.

United States Court of Appeals Eighth Circuit.

Oct. 12, 1964.

Richard M. Stout, St. Louis, Mo., made argument for appellant and filed brief with Philip M. Sestric and William H. Crandall, Jr., St. Louis, Mo.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., made argument for appellee and filed brief with Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo.

Before VAN OOSTERHOUT and MEHAFFY, Circuit Judges, and DELEHANT, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by defendant Stilinovic from his conviction on a charge of filling a liquor bottle with distilled spirits other than those contained in such bottle at the time of stamping in violation of 26

U.S.C.A. § 5301(c) (1). Such statute reads:

"(c) Refilling of liquor bottles.— No person who sells, or offers for sale, distilled spirits, or agent or employee of such person, shall—

"(1) place in any liquor bottle any distilled spirits whatsoever other than those contained in such bottle at the time of stamping under the provisions of this chapter; * * *."

The Government, in compliance with an order sustaining a motion for bill of particulars, named the brands of whiskey in the bottles at the time of stamping and asserted it is unable to state the brand of whiskey with which the bottles were refilled and that it is unable to state whether or not the tax had been paid upon the distilled spirits used to refill the bottles.

All parties having waived a jury, the case was tried to the court. Defendant is an officer and employee of a corporation engaged in the sale of liquor by the drink in St. Louis. Two Government witnesses testified that they were at defendant's bar just prior to closing on the night of June 22, 1963, and observed that certain liquor bottles in use for filling customers' orders were nearly empty. After the bar had closed, such witnesses by looking through a window saw defendant refilling the bottles. The witnesses then gained entrance to the bar and observed that the bottles in use previously observed had been refilled to the neck. Such bottles were seized as were unopened bottles of the same brands, the stamps of which bore serial numbers very close to those of the open bottles. The seized bottles were sealed, marked for identification, and subsequently turned over to a Government chemist for analysis. The chemist made an analysis of the contents of the open bottle and of the sealed bottle of each brand of whis-

key [1] and upon the basis of such analysis, he testified that in each instance the substance in the open bottle was not the same as that in the sealed bottle of like brand.

The chemist testified that the close relationship in numbers on the tax stamps on the used and unused bottles indicated that the contents were produced at the same time and hence that the chemical analysis of such bottles should be substantially the same. Defendant offered no evidence.

The court found the defendant guilty of the crime charged and sentenced him to pay a fine of $600.

Defendant prior to trial made a motion to dismiss the indictment. At the close of the evidence, defendant made a motion for judgment of acquittal which was renewed by a motion for judgment n. o. v. and a new trial, and defendant also made a motion in arrest of judgment. All such motions were overruled. The issue raised in defendant's motions and relied upon here is stated in defendant's brief as follows:

"The substantial issue is whether it is necessary that the Government charge and prove that the actions of the defendant complained of had an effect upon the revenue, i. e., whether the Statute extends to prohibiting the combining of two partially used bottles of taxed whiskey. If the Court feels that the Statute, construed in a constitutional manner, prohibits this, and that Congress has the power under the Constitution to prohibit this, then the conviction should be affirmed."

Section 5301(c) (1) here involved clearly and unambiguously proscribes the refilling of any liquor bottle after stamping with "any distilled spirits whatsoever." Upon this record, the court was clearly justified in finding defendant has violated such statute. Defendant as

---

1. For example, with respect to Exhibit 2, the open bottle of Seagram's V.O., stamp No. 78126649, shows solids 177.6, color 8.7, acid 20.4, proof 85.27. The sealed bottle of the same brand, Exhibit 12, stamp No. 78126643, shows solids 68.4, color 7.1, acids 17.5, proof 86.78.

a basis for reversal relies largely upon Wisniewski v. United States, 8 Cir., 247 F.2d 292, decided August 12, 1957. Such reliance is misplaced. The regulation involved in Wisniewski has been replaced by § 5301(c). The ambiguity found in the regulation in Wisniewski does not exist in the statute.

Judge Vogel in Vinyard v. United States, 8 Cir., 335 F.2d 176, 181, speaking for this court, in rejecting a contention like that made by the defendant here, states:

> "Approximately one year after Wisniewski was decided, September 2, 1958, Congress amended the statute and recodified it as 26 U.S. C.A. § 5301(c), the text of which is set out in f.n. 2, supra, and the effective date of which was July 1, 1959. The new statute encompassed both the old law and the prior regulation and included certain key words as indicated in that portion of the legislative history quoted infra. The Report of the Senate Committee on Finance, Report No. 2090, published in 1958 U.S.Code Cong. & Adm.News, p. 4395, specifically mentions Wisniewski and expresses quite clearly an intent to circumvent that decision. In discussing the intended effect of the amendment, the committee stated in its report at page 4563 of 1958 U.S.Code Cong. & Adm. News:
>
>> " 'The regulations prescribed under existing law * * * have recently been restrictively construed in certain court decisions. The use of the word 'whatsoever' in the phrases 'any distilled spirits whatsoever' and 'any substance whatsoever' *makes it completely clear that the construction given to the regulations under existing law in U. S. [United States] v. Goldberg et al. (8 Cir. 1955, 225 F.2d 180) and in Wisniewski v. U. S. [United States] (8 Cir. 1957, 247 F.2d 292) does not apply with respect to the provisions of this subsection.* The language of this subsection as contained in the House bill and as restated by your committee *is intended to obviate any question that its provisions are applicable, whether or not the tax has been paid or determined on the distilled spirits used in refilling and whether or not the substance used to alter the original contents is taxable under the internal revenue laws.'* (Emphasis supplied.)

> "The 1958 amendment and the legislative history quoted above clearly reflect a congressional intent to make criminal the act for which appellant here was initially arrested. Our Wisniewski opinion based upon the violation of a *regulation* no longer in effect and replaced by a statute specifically enacted to avoid Wisniewski, can be of no help to the appellant."

We find no merit to defendant's contention that Congress acted beyond its constitutional power in enacting the statute. In upholding the constitutional right of Congress to prescribe restrictions with respect to packaging taxable tobacco, the Supreme Court in Felsenheld v. United States, 186 U.S. 126, 132, 22 S.Ct. 740, 742–743 46 L.Ed. 1085, states:

> "It seems to us that, in the rules and regulations for the manufacture and handling of goods which are subjected to an internal revenue tax, Congress may prescribe any rule or regulation which is not in itself unreasonable; that it is a perfectly reasonable requirement that every package of such goods should contain nothing but the article which is taxed; * * *."

Defendant has failed to demonstrate that the statute contains any unreasonable restriction. Moreover, we believe that the statute bears a reasonable relationship to the collection of revenue. The evidence in the present case shows that chemical analysis of the contents of a liquor bottle affords a check upon whether the bottle contains the whiskey

upon which the tax was paid as manifested by the tax stamp.

In United States v. Goldberg, 8 Cir., 225 F.2d 180, 188, we stated:

"Each manufacturer of distilled spirits has a formula. Through the various insignia required to be blown on the bottle, placed on the label, and on the revenue stamp, authorized investigators are able to ascertain with relative ease and reasonable certainty whether the distilled spirits in the container are those described by the various insignia. In the event the whiskey in the container does not correspond with that described and that on which the tax as evidenced by the stamp was paid, the burden should not be upon the Government to assume the almost insurmountable task of determining the source of the whiskey added to the container contrary to the regulations."

The validity of reasonable laws and statutes aimed at enforcing the collection of revenue is discussed and recognized in the majority and minority opinions in Goldberg.

The Report of The Committee of Finance to accompany H.R. 7125, Senate Report No. 2090, July 31, 1958, 1958 U. S.Code Cong. & Adm.News, pp. 4395, 4562, clearly shows that Congress deemed the provisions of § 5301(c) essential to the protection of the revenue, said report among other things stating:

"The prevention of the reuse of liquor bottles or other authorized containers for the packaging of any distilled spirits, or of the alteration of the original contents of liquor bottles or other authorized containers which have been used for the packaging of distilled spirits, is essential for the protection of the revenue since it is in most cases impossible, once the container has been refilled or the original contents thereof altered by the addition of any substance (whether taxable or nontaxable), to establish whether the tax

on the contents of such containers has been lawfully determined."

Congress in enacting the statute here attacked acted within its constitutional power to facilitate the collection of revenue.

The judgment of conviction is affirmed.