Winston Gilbert **WATTS**, Appellant,

v.

The **UNITED STATES** of America, Appellee.

No. 19908.

United States Court of Appeals Ninth Circuit.

Nov. 12, 1965.

Rehearing Denied Dec. 23, 1965.

Jack I. Podret, Tucson, Ariz., for appellant.

John E. Lindberg, Jo Ann D. Diamos, Asst. U. S. Atty., and Wm. P. Copple, U. S. Atty., Tucson, Ariz., for appellee.

Before POPE, BARNES and MERRILL, Circuit Judges.

POPE, Circuit Judge.

Watts was found guilty under all ten counts of an indictment returned against him. Eight of the counts charged violations of § 5301(c) of the Internal Revenue Code, (26 U.S.C. § 5301(c)) which provided: "No person who sells, or offers for sale, distilled spirits * * * shall (1) place in any liquor bottle any distilled spirits whatsoever other than those contained in such bottle at the time of stamping under the provisions of this chapter." Section 5606 of the Revenue Code fixes fines or imprisonment, or both, as penalties for violation of this section. For the purpose of dealing with the contentions here it is unnecessary to describe the other two counts.

The Government's proof adequately showed that distilled spirits had been added to certain liquor bottles by the defendant. But defendant asserts that the quoted section of the statute can be validly enforced only if it be shown that the distilled spirits so added had not themselves been taxed; that the section could be valid only if construed to be an enactment for protection of the revenue. It is asserted that the conviction under these counts cannot stand because of the failure to prove that the added spirits had not themselves been taxed.

Appellant asks us to accept this argument on the reasoning and authority of Wisniewski v. United States, 8 Cir., 247 F.2d 292 (1957). We cannot accept that contention. In the later case of Stilinovic v. United States, 336 F.2d 862 (1964) the same court, dealing with a case not to be distinguished from this one, held that by reason of the enactment of the statute here involved in 1958, the rule of the Wisniewski case was no longer valid. In fact, it noted, the legislative history of the 1958 Act shows that it was passed for the specific purpose of doing away with the Wisniewski rule. The later decision of the Eighth Circuit adequately demonstrates that this argument of appellant has no merit.

Appellant's brief undertook to make two other points. One was to the effect that the physical evidence received below

should have been excluded because it was taken through an illegal search and seizure. At the oral argument appellant's counsel conceded that this point was without merit. Also argued, was that prejudicial error occurred when a Government witness volunteered the statement that she had seen the defendant refill beer bottles. On defendant's request this answer was stricken and the jury instructed to disregard it. There was no motion for a mistrial. We find no prejudicial error in this incident.

Affirmed.