**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**ESTATE of Herman J. BOSCH, Deceased, Irving Trust Company, Executor, Respondent.**

**No. 531, Docket 29883.**

United States Court of Appeals
Second Circuit.

Submitted Sept. 11, 1967.

Decided Sept. 21, 1967.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Benjamin M. Parker, and Thomas Silk, Department of Justice, Washington, D. C., for petitioner.

Davies, Hardy & Schenck, New York City (John A. Clark and John W. Burke, New York City, on the brief), for respondent.

Before FRIENDLY, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

Upon consideration of the briefs and argument when the Commissioner's petition to review was first before us and the supplemental briefs filed by the parties upon remand from the Supreme Court of the United States, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886, we conclude that the New York Court of Appeals would not follow the decision of the Supreme Court, New York County, in Matter of Irving Trust Co. (Bosch), but

would uphold the partial release of the general power of appointment. Accordingly the judgment of the Tax Court is reversed.

**Anthony Scaglione NORIEGA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22242.**

United States Court of Appeals
Fifth Circuit.

Sept. 27, 1967.

Henry Gonzalez, Tampa, Fla., for appellant.

Charles S. Carriere, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before BROWN, Chief Judge, and TUTTLE and COLEMAN, Circuit Judges.

PER CURIAM:

We have carefully considered the record in this appeal from a conviction of the appellant on three counts of an information charging violation of Sections 5301(c) (2) and 5606, Title 26, United States Code.

Finding no error in the submission of the case to the jury and finding no error in the denial by the trial court of the motion for judgment n. o. v., we conclude that the judgment of conviction and sentence must be affirmed. See Stilinovic v. United States, 8 Cir. 1964, 336 F.2d 862, and see, as to the admission of the voluntary comments by appellant at the time of the investigation, Pennewell v. United States, 1965, 122 U.S.App. D.C. 332, 353 F.2d 870.

The judgment is affirmed.